## KEHOE v. BACKER.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

1. GUARANTY (§ 56*)—DISCHARGE OF GUARANTOR—EXTENSION OF LEASE.

    A mere extension of a lease, the extension to commence only on expiration of the lease, does not affect the original lease, and so does not release the guarantor of performance thereof by the lessee.

    [Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 67; Dec. Dig. § 56.*]

2. GUARANTY (§ 50*)—RELEASE OF GUARANTOR—MERGER.

    Merger of a lease in the fee does not as to claims which matured before the merger discharge the guarantor of performance of the lease by the lessee.

    [Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 61, 66; Dec. Dig. § 50.*]

Submission of controversy on an agreed statement of facts by Joseph E. Kehoe, trustee under the will of Thomas J. Carleton, deceased, as plaintiff, and Jacob Backer, as defendant. Judgment for plaintiff.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

John T. Sackett, of New York City, for plaintiff.
John E. Donnelly, of New York City, for defendant.

DOWLING, J. On July 27, 1895, Thomas J. Carleton, plaintiff's testator, leased in writing to Joseph Goldstein and Anna Goldstein the premises 114 Columbia street and 272 Stanton street, in the city of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

New York, for the term of 21 years, from August 1, 1895, at a yearly rental of $1,300, payable monthly in advance, together with taxes, and croton water charges and insurance. On the same day Joseph Backer, the defendant, guaranteed in writing the performance of the lease by the Goldsteins. On March 31, 1898, an extension of the lease was made in writing for five years from August 1, 1916. This was not a new or substituted lease, but an ordinary extension of lease, the original lease still having 18 years to run, and the extension, commencing only at its expiration. This extension Backer did not guarantee. On July 11, 1903, Carleton, who also owned premises on Twenty-Fifth street, in the city of New York, which the defendants were seeking to buy, agreed to take for his equity therein the sum of $16,000 and as security for the carrying out of the agreement of sale took a mortgage for $6,000 on the aforesaid Columbia street lease. This mortgage executed by the Goldsteins was duly foreclosed by plaintiff herein, as trustee of the Carleton estate; the judgment of foreclosure and sale being entered August 31, 1911. The trustee bought in the leasehold at the referee's sale thereunder on September 28, 1911, for $500. There is no doubt that, when he bought this lease and took the referee's deed, the leasehold merged in the fee. But the amounts which he is claiming here are all sums due before the action in foreclosure reached the stage of judgment. The action was commenced June 18, 1911. The sale took place September 28, 1911. Plaintiff's claim for rent is for the months of June, July, August, and September, the rent under the terms of the lease being payable in advance on the 1st day of each month. There are further claims for $1,001.53, being the aggregate of the taxes for the year 1910, confirmed October 2, 1910, and of the water rates for 1908, 1909, and 1910, and January, 1911, together with the interest thereon; and for $41.25 insurance premium. The only answer of the defendant to these claims is (1) that the extension of the lease made a new lease and released the surety, for which contention there is no foundation whatever, as the extension agreement in no way affected the original lease, which still remained intact; (2) that the lease merged in the fee, but, that being so, it has no more effect on claims which matured before the merger than would a dispossess proceeding.

Judgment is directed in favor of plaintiff for the full amount claimed, namely, $1,476.10, with interest and costs. All concur.