■ GERTRUDE SILVERMAN, as Executrix of FRED SILVERMAN, Deceased, Respondent, v. ANNA STEINBACK, Appellant.— Appeal, by leave of the Appellate Term of the Supreme Court, First Department, from its order entered May 11, 1972, which reversed an order and a judgment of the Civil Court of the City of New York, Bronx County, entered on June 3, 1971 and July 7, 1971, respectively, in favor of appellant Anna Steinback. The order appealed from is affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. When decedent obtained a loan from the bank he pledged his credit to repay the money. The insurance on the loan merely guaranteed in the event of his death (which did occur) that his estate would not be subjected to liability. Had appellant died after receipt of decedent's check and utilization of the proceeds, decedent or his estate would still have been liable to the bank. As between decedent and appellant, the assumption of installment payments by appellant did not serve to release decedent except to the extent that payments were made as due. Because of the relationship of the parties here involved the possibility of a gift cannot be disregarded entirely. The intent of the parties, as between brother and sister, and for whose benefit the insurance was procured, are questions of fact to be determined at a trial and cannot be resolved on the record before us. It was the bank, as lender, and not appellant, which had an insurable interest on the life of decedent. Concur — Stevens, P. J., McGivern, Lane and Capozzoli, JJ.; Kupferman, J., dissents in the following memorandum: I would reverse. The facts are clear and need no elaboration. The defendant requested a loan from her brother of $5,000. He did not have the money available to make the loan but used his credit standing at the bank and borrowed the money and turned it over to his sister, together with an installment coupon book for repayment. She paid six installments up to the time of his death. The installments included a premium on an insurance policy taken out by the bank to cover any balance owing at the time of his death. On his death, the bank applied the insurance proceeds to satisfy the loan. The widow, as executrix, claims this amount for the estate, and the sister contends that having paid the premiums on the insurance policy, she should be entitled to the benefit of it, which would wipe out the loan. In the Civil Court, summary judgment was granted to the defendant sister. The Appellate Term reversed and remanded the matter for trial on the basis that there was some question of intent to make a gift. Principles of law regarding gifts have no real application here. While the decedent lent his credit standing for the benefit of his sister, what he did was in effect to loan her money, and she paid an insurance premium in order to cover the loan. If the estate were to receive the proceeds of the policy for the remaining amount, it would have an unintended windfall, and it would be the sister who was making the unintended gift, because she was paying the premiums.