■ CENTRAL TRUST COMPANY ROCHESTER, Respondent, v PATRICK BAGLIORE et al., Appellants.—Order and judgment unanimously affirmed, with costs. Memorandum: Defendants appeal from an order and judgment granting plaintiff summary judgment for $5,291.95 (plus costs and interest) due on a promissory note executed by defendants wherein they promised to pay plaintiff $6,463.08 in monthly installments commencing March 15, 1979 as repayment of an unsecured loan. Defendants concede execution and delivery of the note. The note went into default when the third payment was not made and plaintiff declared the entire balance due pursuant to the terms of the note. The sole defense is that plaintiff orally agreed to look solely to the third-party defendant Joe Mitchell Lincoln-Mercury, Inc. (Mitchell) for payment under the note and to release defendants from their obligation thereunder. As proof of the alleged agreement, defendant Bagliore avers that soon after executing the note, he entered into a contract with Mitchell on March 29, 1979, in which he transferred his Lincoln Continental automobile to Mitchell and Mitchell agreed to assume all obligations under the note. Mitchell ultimately made only two payments. After receiving a written notice that the first payment was overdue, defendant Bagliore tele-

phoned Ms. Pederson at plaintiff bank and told her that he and defendant Meyers were no longer liable on the note and that Mitchell was. After contacting Mitchell, Ms. Pederson returned defendant Bagliore's call on April 9, 1979 and stated that Mitchell had agreed to pay the loan and that no further communication with plaintiff by defendant Bagliore would be necessary. Subsequently, defendant Bagliore received a notice that the May 15, 1979 payment was overdue. Again, Ms. Pederson assured him that plaintiff would look to Mitchell for payment. This is insufficient to establish an agreement binding on the bank. Defendant Bagliore in his affidavit does not attempt to show any underlying agreement made by him with a bank official having authority to bind the bank in which the bank at the time defendant Bagliore transferred the automobile to Mitchell agreed to release defendants from their obligation on the note and accept Mitchell as obligor in their place. Rather, defendant Bagliore attempts only to establish inferentially that such an agreement must have been made by relating a conversation, held two weeks after he transferred the automobile to Mitchell, with a Ms. Pederson, whose authority to bind the bank is not shown, in which she confirmed that Mitchell had agreed to pay the loan. Neither an agreement to accept payment from Mitchell nor actual acceptance of payment therefrom operates to release the original obligors (see *Silverman v Steinback,* 41 AD2d 608; *Proctor & Gamble Distr. Co. v Lawrence Amer. Field Warehousing Corp.,* 22 AD2d 420, 427, revd on other grounds 16 NY2d 344; 42 NY Jur, Novation, § 15). In any event, an oral agreement by plaintiff to release defendants would be ineffective to modify the contractual obligation because it would violate the terms of the note itself and the Statute of Frauds. In the note, which provides that "Any change in this note must be in writing and signed by you and us", defendants agreed that the contract could not be modified without a writing (see *Manufacturers Hanover Trust Co. v Trans Nat. Communications,* 36 AD2d 709). And the contract comes within subdivision 1 of section 15-301 of the General Obligations Law which provides that: "A written agreement * * * which contains a provision to the effect that it cannot be changed orally, cannot be changed by an executory agreement unless such executory agreement is in writing and signed by the party against whom enforcement of the change is sought". Inasmuch as the only evidence of the alleged modification is the oral exchanges between the parties, the written contract controls (see *Rose v Spa Realty Assoc.,* 42 NY2d 338, 343). We do not agree that the writing requirement is avoided because there has been partial performance which is unequivocally referable to the oral modification (see *Rose v Spa Realty Assoc., supra,* pp 343-344). Acceptance by plaintiff of payment by a third party is consistent with the obligations set forth in the note (see *Silverman v Steinback, supra).* Nor is the application of the doctrine of equitable estoppel appropriate here. Defendant Bagliore by his own admission entered into the agreement with Mitchell two weeks before his first conversation with Ms. Pederson; clearly he cannot claim to have relied to his detriment on any representation by plaintiff when he contracted with Mitchell. (Appeal from order and judgment of Monroe Supreme Court—summary judgment.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.