■ MOUNTAINVIEW REALTY ASSOCIATES et al., Respondents-Appellants, v NORMAN STARK et al., Appellants-Respondents, et al., Defendants. HAROLD HERMAN, Respondent, v NORMAN STARK et al., Appellants, et al., Defendants.—Order, Supreme

Court, New York County (Karla Moskowitz, J.), entered June 10, 1992, which granted the motion of plaintiffs Mountainview Realty Associates and Brook Associates for summary judgment in lieu of complaint as to liability against defendants G.B.R. Properties and the named individuals and general partners thereof, and which severed and dismissed the branch of the motion asserting claims against defendant G.B.S. Properties, is unanimously modified, on the law, to the extent of reinstating the complaint against defendant G.B.S. Properties and granting said plaintiffs summary judgment as to liability against G.B.S. Properties, and otherwise affirmed, without costs; and the order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about May 18, 1992, which, *inter alia,* denied defendants' motion to renew, is unanimously affirmed without costs.

We agree that defendants failed to offer evidentiary proof sufficient to establish that the purchase money notes were not instruments for the payment of money only under CPLR 3213. Plaintiffs established the existence of the notes and a failure by defendants to make payments expressly called for by their terms *(see, Manufacturers Hanover Trust Co. v Hixon,* 124 AD2d 488). Moreover, since the notes were fully complete, containing all the requisite terms so that it was not necessary to refer to other security and loan documents in order to resolve matters of payment and default, the character of the notes as instruments for the payment of money only was not altered *(cf., supra,* at 489). To defeat a motion for summary judgment under CPLR 3213, "the opposing party must assemble and lay bare its affirmative proof to demonstrate that genuine triable issues of fact exist" *(Kornfeld v NRX Technologies,* 93 AD2d 772, 773, *affd* 62 NY2d 686). Defendants' contention that they had been released by oral agreement from liability under the notes is unsupported, as are their other contentions.

There is nothing in the record to support the contention that there was a novation and that defendant G.B.S. Properties was to be released from its obligations upon the subsequent assumption of liability on the notes by defendant G.B.R. Properties. To the contrary, the assumption agreement expressly provides in paragraph 1 that the original notes "shall not be canceled, and shall remain in full force and effect." In paragraph 2 of the same agreement, this conclusion is reinforced by the following language: "The foregoing assumption shall not release the individual general partners of G.B.S. who executed each of the Mountainview Note and the Brook Note

as individuals. In addition, G.B.S. agrees that it has no defense to the payment of any of the sums due under the Mountainview Note or the Brook Note."

We have considered the defendants' remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Wallach, Kupferman and Kassal, JJ.