■ H.P.I. INTERNATIONAL, Respondent, v SHELDON KRONEN, Appellant. [610 NYS2d 87] —In an action to recover damages on a guarantee agreement, the defendant appeals from a judgment of the Supreme Court, Kings County (I. Aronin, J.), entered April 25, 1991, which awarded the plaintiff the principal sum of $55,905, plus interest, costs, and disbursements.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced an action against the defendant to enforce a guarantee agreement pursuant to which the defen-

dant guaranteed repayment of up to $85,000 for payments made by the plaintiff to the nonparty Interfilms, Inc. in the event that Interfilms failed to deliver film stock ordered by the plaintiff.

The defendant argues that he is not liable on the guarantee agreement for a variety of reasons, none of which has merit. Contrary to the defendant's assertions on appeal, there is no evidence, and the record does not support an inference, that a novation occurred between the plaintiff and Interfilms (see, *Chipouras & Assocs. v 212 Realty Corp.,* 156 AD2d 549; *Wasserstrom v Interstate Litho Corp.,* 114 AD2d 952; 22 NY Jur 2d, Contracts, § 401). Further, even if there were further dealings between the plaintiff and Interfilms, or the plaintiff allowed Interfilms additional time to perform, or the plaintiff accepted partial performance by Interfilms, these factors alone, in the absence of a binding commitment that altered the underlying sales contract, would not discharge the defendant's duty under the guarantee agreement (see, *Bier Pension Plan Trust v Estate of Schneierson,* 74 NY2d 312; *Becker v Faber,* 280 NY 146; *Congregation Ohavei Shalom v Comyns Bros.,* 123 AD2d 656; *Kehoe v Backer,* 142 NYS 691; 63 NY Jur 2d, Guaranty and Suretyship, §§ 194, 197). Although the orders for the film at issue predated the guarantee agreement, the guarantee concerns payments made by the plaintiff to Interfilms (not orders placed) after its execution. Thus, the date of the payment, which is after the execution of the guarantee agreement, controls.

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Copertino and Florio, JJ., concur.