■ AMERICAN CREDIT SERVICES, INC., Appellant, v R.V. AND MARINE CORP., Defendant, and HAROLD SUMMAR, Respondent. [669 NYS2d 999] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted and judgment ordered in accordance with the following Memorandum: Plaintiff commenced this action for a deficiency judgment to recover the balance due under a written commercial automobile lease. Harold Summar (defendant) asserted as an affirmative defense that the parties orally modified the lease to permit defendant to pay the sum of $485.86 and defer remaining arrears to a later date. Plaintiff thereafter moved, *inter alia*, for summary judgment in its favor against defendant. Plaintiff met its initial burden of establishing its entitlement to judgment as a matter of law by showing that the lease required any modification to be in writing and signed by the parties and that no such writing exists (*see, Rose v Spa Realty Assocs.*, 42 NY2d 338, 343; *see also*, General Obligations Law § 15-301 [1]).

Defendant concedes that there is no writing modifying the lease, but offered proof that, on June 26, 1991, a few weeks before the automobile was repossessed by plaintiff, he made a payment to plaintiff of $485.86, an amount greater than the monthly payment required by the lease. Defendant asserts that the June 1991 payment, which plaintiff accepted, constitutes partial performance of the oral modification and excuses the requirement for a writing (*see, Rose v Spa Realty Assocs.*, *supra*, at 343-344). We disagree. Defendant's June 1991 payment and plaintiff's acceptance of it are not "unequivocally referable to the oral modification" (*Rose v Spa Realty Assocs.*, *supra*, at 343; *cf., Sarcona v DeGiaimo*, 226 AD2d 1143, 1144). Eleven of the final 13 payments were in amounts greater than that required by the lease.

Defendant further contends that plaintiff is equitably estopped from enforcing the lease provision prohibiting oral

modification because plaintiff accepted the June 1991 payment. We disagree. The "conduct relied upon to establish estoppel must not otherwise be compatible with the agreement as written" (*Rose v Spa Realty Assocs., supra,* at 344), and here the conduct of the parties was compatible with the lease (*see, Central Trust Co. v Bagliore,* 78 AD2d 764, 765).

We reverse the order insofar as appealed from, therefore, and grant plaintiff's motion for summary judgment against defendant. Inasmuch as defendant offered no proof contesting the amount plaintiff established was owed under the lease, we direct that judgment be entered in favor of plaintiff against defendant for $4,206.42, plus interest from August 22, 1991 at the statutory rate (*see,* CPLR 5004), together with costs and disbursements. (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Callahan, Boehm and Fallon, JJ.