SECOND DEPARTMENT, JUNE, 1998

(June 1, 1998)

■ VINCENT ALBANO, Respondent, v ALBA CARTING CO., INC., et al., Appellants, et al., Defendants. [672 NYS2d 259] —In an action to recover upon promissory notes commenced pursuant to

CPLR 3213 by motion for summary judgment in lieu of complaint, the defendants Alba Carting Co., Inc., Estate of Peter Preziosa, and Lucille Dabbs appeal from so much of an order of the Supreme Court, Richmond County (J. Leone, J.), dated April 30, 1997, as granted the motion and denied their cross motion to dismiss the action insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellants are the original corporate maker and the individual guarantors on a series of promissory notes held by the plaintiff. They contend that their obligations to pay the balance owed on the promissory notes were obviated by an alleged assumption of the notes by the defendant Duffy Disposal Co. They also contend for the first time on appeal, that they were discharged from liability when the plaintiff allegedly extended the time in which Duffy Disposal Co. had to pay the notes and/or reduced the total amount owed on the notes.

Contrary to the appellants' contention, the Supreme Court correctly determined that the alleged assumption of the promissory notes by Duffy Disposal Co. did not effect a novation whereby the appellants were released from their obligations under the notes. The consent form signed by the plaintiff with respect to the alleged assumption reflects his unequivocal intent to continue the appellants' obligations (*see, Matter of Union Indem. Ins. Co.,* 234 AD2d 120; *Mountainview Realty Assocs. v Stark,* 190 AD2d 602; *S & L Paving Corp. v MacMurray Tractor,* 61 Misc 2d 90; *see also, Central Trust Co. Rochester v Bagliore,* 78 AD2d 764).

Furthermore, the appellants' contentions that they were discharged from liability by the alleged extension of the time of payment and/or the alleged reduction of the total amount owed, are unpreserved for appellate review (*see, First Intl. Bank v Blankstein & Son,* 59 NY2d 436, 447; *St. John Assocs. Engrs. v Chase Architectural Assocs.,* 106 AD2d 743; *cf., Capital Med. Sys. v Fuji Med. Sys.,* 239 AD2d 743; *Block v Magee,* 146 AD2d 730). In any event, the contentions are without merit (*see,* General Obligations Law §§ 5-1103, 15-301; UCC 3-606; *Bier Pension Plan Trust v Estate of Schneierson,* 74 NY2d 312; *Becker v Faber,* 280 NY 146, 152; *Olmstead v Latimer,* 158 NY 313; *H.P.I. Intl. v Kronen,* 203 AD2d 325). Santucci, J. P., Joy, Florio and McGinity, JJ., concur.