■ MARK KRONMAN, Respondent, v PALM MANAGEMENT ASSOCIATES LIMITED PARTNERSHIP et al., Appellants, et al., Defendants. [714 NYS2d 49] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered March 14, 2000, which, upon a prior grant of summary judgment in plaintiff's favor, awarded plaintiff the principal sum of $141,244.46 plus interest from May 21, 1997, unanimously modified, on the law, to the extent of providing that the award of interest is to commence on January 26, 1998, and otherwise affirmed, with costs to plaintiff, and the matter remanded for a recalculation of interest and for entry of an amended judgment in accordance therewith.

Defendant Palm Management Associates Limited Partnership, having been loaned $400,000 by defendant Citibank, N. A., executed and delivered a promissory note in that amount to Citibank. Palm Management's general partner, defendant-appellant Burton Handelsman, and two of its limited partners, defendant Richard Segal and plaintiff, each guaranteed one-third of the note. On July 11, 1997, Citibank sought payment under the note and since Palm Management did not have sufficient funds, Handelsman, Segal and plaintiff each paid one-third of the $400,000 amount. By agreement dated January 26, 1998, Citibank assigned plaintiff one-third of its interest under the note, which included accrued interest to that date. Citibank also prepared a new note in favor of plaintiff, but Palm Management refused to execute the note. Approximately one year later, plaintiff sought payment under this partial assignment and when no monies were forthcoming, he commenced this action.

The grant of summary judgment underlying the appealed judgment in plaintiff's favor was proper (*see, Mountainview Realty Assocs. v Stark*, 190 AD2d 602). Although plaintiff was

not a holder of the promissory note, which remained in Citibank's possession (*see*, UCC 3-301), "a suit for money only by a partial assignee of a claim may be brought at law, provided the plaintiff bring in his co-assignees" (*Blake v Weiden*, 291 NY 134, 140). Plaintiff duly joined his co-assignees, Handelsman and Segal, in the action. Palm Management's affirmative defenses, including that plaintiff's actions constituted champertous conduct pursuant to Judiciary Law § 488 and that plaintiff, by purchasing an interest in the promissory note, breached his fiduciary duty to Palm Management, presented no impediment to the grant of summary judgment since there was no evidence that plaintiff accepted the partial assignment of Citibank's interest in the note simply to commence a lawsuit against Palm Management.

We modify only to advance the date from which interest is to be awarded plaintiff. Citibank did not seek payment under the note until July 11, 1997, and the partial assignment to plaintiff included accrued interest, which has been covered by the principal amount of the judgment. Accordingly, plaintiff is entitled to interest only from January 26, 1998, the date of the partial assignment.

We have considered Palm Management's remaining contentions and find them unavailing. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Rubin and Buckley, JJ.