# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**133**

**CA 14-01201**

PRESENT: SCUDDER, P.J., SMITH, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

MARTHA IRAKOZE, PLAINTIFF-RESPONDENT,

V                                                        MEMORANDUM AND ORDER

GENNARO SAMBUCO, ALSO KNOWN AS JIM SAMBUCO,
DEFENDANT-APPELLANT.

---

LAW OFFICES OF MICHAEL J. HUGHES, PLLC, AMHERST (MICHAEL J. HUGHES OF COUNSEL), FOR DEFENDANT-APPELLANT.

STEINER & BLOTNIK, BUFFALO (M. KREAG FERULLO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered March 10, 2014. The order denied the motion of defendant to eject plaintiff from certain real property and granted the cross motion of plaintiff for summary judgment compelling specific performance.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross motion and as modified the order is affirmed without costs.

Memorandum: Plaintiff and defendant entered into an agreement, dated November 15, 2011, which provided that plaintiff was to purchase property from defendant in "as is" condition for $35,000. Plaintiff paid defendant the $35,000 and took possession of the premises in June 2012, although title had not yet been transferred. In January 2013, defendant advised plaintiff that adjustments would be made at closing for rents that plaintiff had collected and for extensive renovations and improvements that defendant had made to the property at plaintiff's request. Plaintiff thereafter commenced this action for breach of contract seeking, inter alia, specific performance of the agreement.

Defendant brought by order to show cause a motion seeking to eject plaintiff from the premises, and plaintiff cross-moved for partial summary judgment on her cause of action for specific performance. We conclude that Supreme Court erred in granting the cross motion, and we therefore modify the order accordingly. Although plaintiff established her entitlement to judgment as a matter of law by showing that the parties agreed to the sale of the property for $35,000, and that any modification of the agreement must be in writing (*see* General Obligations Law § 15-301 [1]; *American Credit Servs. v*

*R.V. & Mar. Corp.*, 248 AD2d 1007, 1007), we nevertheless conclude that defendant raised an issue of fact whether, under the circumstances presented here, the agreement was modified by an oral agreement between the parties. Specifically, defendant established, with objective evidence, that he completed extensive renovations and improvements to the property after the parties entered into the purchase agreement for the sale of the property in "as is" condition in November 2011 (*see Rose v Spa Realty Assocs.*, 42 NY2d 338, 343; *cf. Klein v Klein*, 79 NY2d 876, 878; *Nassau Beekman LLC v Ann/Nassau Realty LLC*, 105 AD3d 33, 39). Furthermore, we note that the record establishes that the receipt for $35,000 in June 2012, which both parties signed, stated that the funds were paid "towards" the purchase of the property, which implies that the amount was not the entire purchase price. We therefore conclude that defendant raised an issue of fact whether the renovations and improvements are "unequivocally referable to [a] modification" of the agreement to purchase the premises in "as is" condition for $35,000 (*Rose*, 42 NY2d at 343).

Entered: March 20, 2015                                          Frances E. Cafarell
                                                                 Clerk of the Court