■ John J. Clanton, Respondent, v Eugene G. Smith, Appellant.—In an action for rescission of a contract, deed,

mortgage and bond, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Mellan, J.H.O.), entered June 14, 1989, which, after a nonjury trial, denied his motion to set aside the verdict in favor of the plaintiff as contrary to the law and facts, and (2) a judgment of the same court, dated June 15, 1989, which rescinded the contract, deed, mortgage, and bond.

Ordered that the appeal from the order is dismissed, and it is further,

Ordered that the judgment is affirmed, and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff and the defendant held title to certain real property as tenants in common. On December 3, 1984, the parties entered into a written sale/leaseback contract wherein the plaintiff agreed to sell his one-half interest in the property to the defendant. As part of his consideration for the sale, the defendant agreed to lease all of the property to a corporation to be formed for the purpose of operating a campground on the property. Pursuant to the contract, the plaintiff and the defendant also agreed that they were each to hold 50% of the corporate stock in the corporation which they agreed to form.

On April 30, 1985, the plaintiff deeded his interest in the property to the defendant. However, the defendant would not agree to a leaseback arrangement that conformed to the terms of the contract, despite his admission that the leaseback arrangement was an important part of the consideration.

Therefore, we conclude that the court properly rescinded the contract and the subsequent deed, mortgage and bond. The defendant's failure to execute a lease that conformed with the provisions of the contract amounts to a substantial breach. This failure to perform was so fundamental that it defeated the object of the parties in making the contract (see, Callanan v Keeseville, Ausable Chasm & Lake Champlain R. R. Co., 199 NY 268). Thus, rescission was the proper remedy. Thompson, J. P., Brown, Sullivan and Miller, JJ., concur.