■ 99 REALTY COMPANY, Appellant-Respondent, v PETER EIKENBERRY et al., Respondents, and STANLEY FUTTERMAN, Respondent-Appellant. [660 NYS2d 583] —Order, Supreme Court, New York County (Norman Ryp, J.), entered December 13, 1996, which, *inter alia*, denied defendant Futterman's motion for summary judgment dismissing the amended complaint against him and plaintiff's motion and cross-motion for summary judgment against all the defendants and severance of all cross-claims, granted defendants' cross-motion for, *inter alia*, leave to amend their answer to include the affirmative defense of rescission and to compel the production of Stephen Fradkin, Seymour Cohen and Charles Goldenberg for deposition, unanimously modified, on the law, to deny the defendants' cross-motion to amend their answer to assert rescission, to require only the production of Stephen Fradkin for deposition, to grant plaintiff's motion for summary judgment dismissing the first, second and third affirmative defenses of the defendants other than Stanley Futterman and the second, third and fourth affirmative defenses of Stanley Futterman, and, except as thus modified, affirmed, without costs.

Plaintiff, a landlord, commenced this action against the tenant, a law firm and its three individual partners, and Schoolman, Shatzkin & Furman, P. C., the tenant's assignee, for unpaid rent arrears. The tenant claims that it vacated the premises and ceased paying rent in reliance on the landlord's purported oral representation that if its assignee vacated, the demised premises would be renovated for quick re-rental and the tenant's liability mitigated. The tenant's assignee delivered to the landlord a letter unconditionally surrendering the premises without any mention of this alleged understanding. The lease in question expressly barred any oral modification or release of the tenant. The lease contained both a "no waiver clause" and general merger clause barring modification except by writing. Acceptance of a surrender of the premises could be accomplished only by a writing signed by the landlord. No employee of the landlord was authorized to accept keys or otherwise terminate the lease. Rent was due and payable up to the time of re-entry, dispossess or expiration. The tenant's rescission defense, based solely on the alleged oral promise of plaintiff's Mr. Fradkin to renovate and re-let, amounts to no more than an agreement to agree (*see, e.g., Two Wall St. Assocs. Ltd. Partnership v Anderson, Raymond & Lowenthal*, 183 AD2d 498). In any event, absent written memorialization of the alleged lease modification, the claim is barred by the lease's clear and unambiguous provisions (*supra*). Nor does the alleged oral promise, in the circumstances, constitute an estoppel. No clear and unambiguous promise upon which there was reliance has been established. (*Ripple's of Clearview v Le Havre Assocs.*, 88 AD2d 120, 122, *lv denied* 57 NY2d 609.) The actions by defendant Eikenberry allegedly taken in reliance on Fradkin's promise are clearly not " 'unequivocally referable' " to the promise (*Anostario v Vicinanzo*, 59 NY2d 662, 664). Thus, there are no issues as to the rescission defense and leave to amend to assert the defense should have been denied.

As to defendant Futterman's argument that he was no longer a partner of the tenant law firm at the time the lease was executed, having previously, by written agreement, withdrawn as a partner, issues as to whether he was a partner by estoppel (*see,* Partnership Law § 27; *Royal Bank & Trust Co. v Weintraub, Gold & Alper*, 68 NY2d 124) preclude summary judgment in his favor. The landlord, of course, was not chargeable with knowledge of the partners' private agreement. The partnership continued to use Futterman's name, and he continued to practice as a non-equity partner, whose earnings consisted of the proceeds from his own billings. At the very least, a question of fact is presented as to plaintiff's reliance or Futterman's status as a partner.

Although the order appealed from is silent with respect to defendants' other affirmative defenses, this Court may search the record on appeal of a motion for summary judgment and grant relief, where appropriate (*Tele-Pac, Inc. v Grainger*, 168 AD2d 11, 20, *lv dismissed* 79 NY2d 822). The defense that landlord failed to credit the amount of the security deposit against amounts alleged to be owed is without merit. As the record shows, the landlord represents that it did, in fact, credit the tenant and its assignee for the security deposit and accrued interest. Since the tenant's assignee voluntarily surrendered possession of the demised premises, there was no actual eviction and, thus, the affirmative defense alleging actual eviction should have been dismissed. Nor did the landlord have any obligation to allow defendant Eikenberry to reoccupy the premises after the assignee's surrender of possession. Thus, the affirmative defense alleging constructive eviction based on the landlord's refusal is meritless. The affirmative defense based on the incorrect calculation of the unpaid rent and escalation charges goes to the amount due and will be addressed at the hearing to determine the amount owed the landlord. The remaining affirmative defenses raise related issues that cannot be disposed of on this record. The affirmative defense alleging consumer fraud requires a determination as to whether the landlord overbilled tenant.

As to the discovery feature of the IAS Court's order, only Fradkin need be produced for deposition since he appears to be the only one of the three individuals named in the order with any specific knowledge of the lease and the tenancy involved. Concur—Sullivan, J. P., Milonas, Nardelli and Williams, JJ.