(March 23, 2000)

■ JOSEPH P. DAY REALTY CORP., Appellant, v JEFFREY LAWRENCE ASSOCIATES, INC., Respondent. [704 NYS2d 587] —Order of the Appellate Term of the Supreme Court, First Department, entered January 27, 1999, affirming an order of the Civil Court, New York County (Shirley Kornreich, J.), entered May 8, 1998, which, upon reargument, adhered to its prior order denying plaintiff's motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and the matter remanded to Civil Court, New York County, for further proceedings to calculate damages.

On June 20, 1991, plaintiff (landlord) and defendant (tenant) entered into a 10-year lease for certain commercial premises. Subsequently, because tenant was experiencing financial difficulties, its vice-president, Alan Bently, claims to have entered into an oral agreement with landlord's employees, Rick Brickell and Larry Wohl, modifying the lease. According to tenant, the oral agreement permitted it to vacate the premises prior to the end of the lease term without further liability provided that it (a) paid the rent through the end of June 1997, when it would vacate the premises, and (b) abandoned its security deposit. Tenant also alleged that its vice-president sent a letter confirming the agreement on June 27, 1997, just three days before it vacated the premises.

Almost immediately after tenant vacated the premises, landlord commenced the instant action seeking $5,961.97, which represented the rent for July 1997. Tenant answered the complaint alleging that landlord orally agreed that tenant was released from the lease. Tenant also asserted a counterclaim seeking a return of its security deposit in the sum of $23,000.

Thereafter, landlord moved for summary judgment. In so moving, it denied that it had agreed to release tenant from the lease. Landlord further asserted that an oral modification was in any event unenforceable since articles 21 and 25 of the lease, respectively, provided that the lease could not be modified except in a writing signed by landlord, and that no provision of the lease could be waived except in a writing signed by landlord.

In an order dated February 24, 1998, Civil Court denied the motion, finding that there was a question of fact as to whether landlord agreed to release tenant from the lease. The court subsequently granted reargument and, in an order dated May 8, 1998, adhered to its prior decision. The Appellate Term affirmed the order of the Civil Court, concluding that there was a triable issue of fact as to "whether [tenant] justifiably relied on the claimed oral agreement with [landlord]'s principal so as to permit application of the 'equitable estoppel' exception to General Obligations Law § 15-301 (1)." This issue of fact purportedly arose from the conflicting affidavits with regard to whether landlord orally agreed to release tenant from the lease. We conclude that landlord's summary judgment motion should have been granted.

Where a lease contains a clause requiring any modification of the terms of such lease to be in a writing signed by the landlord, an oral modification is generally precluded (*see*, General Obligations Law § 15-301 [1]; *99 Realty Co. v Eikenberry*, 242 AD2d 215). While there may be circumstances where partial performance of an oral modification may avoid the requirement of a writing, the partial performance must be unequivocally referable to the claimed modification (*see, Rose v Spa Realty Assocs.*, 42 NY2d 338). Principles of equitable estoppel may also be invoked to avoid the requirement of a writing. However, "[c]omparable to the requirement that partial performance be unequivocally referable to the oral modification, so, too, conduct relied upon to establish estoppel must not otherwise be compatible with the agreement as written [citation omitted]" (*supra*, at 344). Here, tenant has failed to demonstrate that the claimed oral modification is enforceable under either the concept of partial performance or equitable estoppel.

First, tenant's departure from the premises prior to the expiration of the lease term cannot be deemed to be unequivocally referable to the claimed oral modification (*see, L & B 595 Madison v Ravagnan*, 242 AD2d 413; *Riverside Research Inst. v KMGA, Inc.*, 108 AD2d 365, *affd* 68 NY2d 689). After all, departure is equally or even more consistent with a breach of the lease. Second, the payment of June rent was also not unequivocally referable to the alleged modification since the lease already obligated tenant to pay the rent. Third, leaving the security deposit in landlord's possession was likewise of no probative value since landlord was entitled under the terms of the lease as it already existed to retain the security deposit.

This brings us to the issue of tenant's letter to landlord purportedly confirming their oral agreement. What is apparent is that tenant's self-serving letter may not support the claimed modification since "[u]nanswered written communications are not, ordinarily, admissible in evidence against the person addressed, as admissions of the truth of a statement contained therein" (Prince, Richardson on Evidence § 8-224, at 537 [Farrell 11th ed]). That tenant's letter lacks any probative value is highlighted by the fact that it was mailed just days before tenant vacated the premises. When juxtaposed against landlord's immediate commencement of this action, it cannot be said that landlord admitted the existence of the purported agreement by remaining silent in the face of the letter. To the contrary, landlord's conduct evinced an immediate rejection of any purported agreement to modify the lease.

In sum, neither tenant's payment of rent nor landlord's retention of the security is unequivocally referable to a modification of the lease since these acts were ordinary incidents of the preexisting lease. Nor can tenant's unilateral acts of abandoning the leasehold, or the mailing of a self-serving letter at the time of the abandonment, suffice to establish a modification since, if such unilateral conduct were sufficient, the requirement that modifications be in a writing signed by the landlord would be rendered a nullity. Recognizing this, we have previously held, under circumstances virtually indistinguishable from those at bar, that summary judgment in favor of a landlord was warranted (*see, L & B 595 Madison v Ravagnan, supra; 99 Realty Co. v Eikenberry*, 242 AD2d 215, *supra*). Accordingly, landlord's motion for summary judgment should be granted. Concur—Sullivan, P. J., Wallach, Rubin, Buckley and Friedman, JJ.