■ Paul Pellicoro's DanceSport International, Inc., et al., Respondents, v Ellen Levy et al., Appellants. [729 NYS2d 389] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered February 20, 2001, which granted plaintiffs' motion for a preliminary injunction directing defendants to restore certain elevator service, unanimously reversed, on the law, without costs, the motion denied, and the injunction vacated.

Pursuant to the terms of a commercial lease executed in 1995, defendants (plaintiffs' landlord) agreed to provide elevator service from 8:00 A.M. to 6:00 P.M. Monday through Friday, and from 8:00 A.M. to 10:00 P.M. on weekends. Interestingly, the parties' evidenced their agreement to this provision by specifically initialing it. The lease, which was negotiated through the parties' respective attorneys, also contains a broad merger clause which provides that the lease reflects the parties' entire understanding and further provides that any modifications to the lease must be in writing.

Notwithstanding this, plaintiffs sought a preliminary injunc-

tion directing defendants to provide them with unrestricted elevator service. In seeking such relief, plaintiff Paul Pellicoro asserted, *inter alia*, that, when he executed the lease, he was assured that the restrictions set forth therein would not be enforced. Supreme Court granted plaintiffs' motion for an injunction. We reverse.

On the record presented, plaintiffs failed to demonstrate a likelihood of ultimate success on the merits of their claim (*see generally*, *Rose v Spa Realty Assocs.*, 42 NY2d 338; *99 Realty Co. v Eikenberry*, 242 AD2d 215). Accordingly, their motion for a preliminary injunction should have been denied (*see*, CPLR 6301). Concur—Tom, J. P., Andrias, Ellerin, Wallach and Friedman, JJ.