■ ARIS INDUSTRIES, INC., Appellant, v 1411 TRIZECHAHN-SWIG, LLC, Respondent. [744 NYS2d 362] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered May 31, 2001, which granted defendant-landlord's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5) and (7), unanimously affirmed, with costs. Appeal from order, same court and Justice, entered May 31, 2001, denying plaintiff's motion for consolidation, unanimously dismissed, without costs, as academic.

Where, as here, a lease contains a clause requiring modification of its terms to be in a writing signed by the landlord, oral modification is generally precluded (*see,* General Obligations Law § 15-301 [1]; *Joseph P. Day Realty Corp. v Jeffrey Lawrence Assoc.,* 270 AD2d 140, 141; *99 Realty Co. v Eikenberry,* 242 AD2d 215). The documentary evidence before the motion court established that despite the exchange of numerous drafts of a proposed partial surrender agreement, the parties ultimately did not reach an agreement, and plaintiff vacated the premises without any agreement having been signed. It is, in addition, clear that plaintiff's alleged partial performance was not unequivocally referable to the claimed oral modification and that the alleged modification, therefore, was not exempt from the requirement there be a writing pursuant to General Obligations Law § 15-301 (*see, Rose v Spa Realty Assoc.,* 42 NY2d 338, 343-344). Plaintiff's estoppel claim is without merit, since, under the circumstances alleged, there could have been no reasonable reliance on the alleged oral promise and no unconscionable injury (*see, American Bartenders School v 105 Madison Co.,* 91 AD2d 901, *affd* 59 NY2d 716;

*Swerdloff v Mobil Oil Corp.*, 74 AD2d 258, 262-263, *lv denied* 50 NY2d 913).

We have considered plaintiff's other arguments and find them unavailing. Concur—Saxe, J.P., Buckley, Rosenberger, Friedman and Marlow, JJ.