■ EDGAR M. GARCETE, Appellant, v JOAN LAZAR, Respondent. [743 NYS2d 68] —Order, Supreme Court, New York

County (Marilyn Shafer, J.), entered April 13, 2001, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiff vacated the apartment that he had rented from defendant without taking his furniture; defendant rented the apartment to a new tenant some nine weeks later with plaintiff's furniture still in it. Plaintiff seeks to recover the value of the furniture, alleging defendant's breach of an oral contract to purchase the furniture, conversion of the furniture and unjust enrichment. Under the parties' lease, plaintiff was required at the end of the term to remove all of his property, installations and decorations, and represented that he had read the lease and understood that defendant had made no promises other than those contained in the lease and that the lease could be changed only in a writing signed by both parties. There being no written agreement between the parties other than the lease, which plaintiff breached by failing to remove his furniture when he moved out, the causes of action for breach of contract and conversion lack merit (see, General Obligations Law § 15-301 [1]; Joseph P. Day Realty Corp. v Lawrence Assoc., 270 AD2d 140). In any event, assuming the lease does not bar proof of the alleged oral contract, and accepting plaintiff's self-serving claim that defendant expressed a willingness to buy his furniture, which defendant strongly denies, it is clear that no oral agreement was ever reached. As plaintiff conceded at his deposition, there was never any meeting of the minds as to the price, an essential term of any contract of sale. In addition, plaintiff admitted at his deposition that some six weeks after he vacated the apartment, he told defendant that he would remove his furniture after he returned from abroad, if that was what she wanted, but that, although he returned to New York within a week or two of that conversation and remained for a few days, he did not contact defendant or arrange to have his furniture removed. Thus, the record contradicts not only the alleged oral contract, but also any claim of unjust enrichment. Plaintiff could not have reasonably expected defendant to keep the apartment vacant indefinitely until he was ready to clean it out at his convenience. Concur—Andrias, J.P., Sullivan, Wallach, Rubin and Gonzalez, JJ.