■ RANJIT S. GILL, Appellant, v BOWNE GLOBAL SOLUTIONS, INC., Respondent. [777 NYS2d 712]—

In an action, inter alia, in effect, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated May 28, 2003, as granted the defendant's motion to dismiss the causes of action to recover damages for breach of contract and breach of the implied covenant of good faith and fair dealing.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff entered into a contract whereby he agreed to provide his services as an interpreter for the defendant, who, in turn, supplied interpreters for the United States Department of Justice in various immigration courts. The gravamen of the complaint is that the defendant breached the contract between the parties by failing to assign new projects to the plaintiff based on seniority. However, in the complaint, the plaintiff acknowledged that there was no express covenant in the contract providing that additional projects would be assigned on

the basis of seniority. Rather, the complaint alleged that the defendant's predecessor, Berlitz Interpretation Services, Inc., had assigned new projects on the basis of seniority, and accordingly, he and other interpreters came to expect that projects would continue to be assigned in that manner.

Since the contract is clear and unambiguous that, upon the completion of a given project, the defendant was under no obligation to assign additional projects to the plaintiff, the plaintiff may not resort to parol evidence to contradict, vary, or explain it (*see Braten v Bankers Trust Co.*, 60 NY2d 155, 161-162 [1983]; *Blumenreich v North Shore Health Sys.*, 287 AD2d 529, 530 [2001]). While under appropriate circumstances an obligation of good faith and fair dealing may be implied, no obligation will be implied which would be inconsistent with the terms of the contract (*see Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304 [1983]).

Therefore, the complaint failed to state causes of action, in effect, to recover damages for breach of contract and breach of an implied covenant of good faith and fair dealing. Accordingly, the Supreme Court properly granted the defendant's motion to dismiss those causes of action. Santucci, J.P., H. Miller, Luciano, Crane and Spolzino, JJ., concur.