■ JOHN E. FITZGERALD, Appellant, v HUDSON NATIONAL GOLF CLUB et al., Respondents. [783 NYS2d 615]—

In an action, inter alia, to rescind a contract and to recover damages for fraud and breach of contract, the plaintiff appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Westchester County (Donovan, J.), entered January 9, 2003, as granted those branches of the defendants' motion which were to dismiss the causes of action to rescind the contract and to recover damages for fraud, fraud in the inducement, breach of contract, and breach of the covenant of good faith and fair dealing, and (2) a judgment of the same court, entered July 21, 2003, as upon the order, dismissed those causes of action.

Ordered that the appeal from the order is dismissed, and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff expressed an interest in purchasing a general membership in the defendant Hudson National Golf Club (hereinafter HNGC) and was given an offering summary and a subscription package. The plaintiff claims that during this time, HNGC's director of membership marketing and a member of HNGC's Board of Directors orally represented to him that the financial status of HNGC was good. They also made oral representations to him regarding, inter alia, the number of general memberships that would be sold, a general member's ability to sell their membership, and the price of greens fees for guests of general members. The plaintiff purchased a general membership in HNGC on April 14, 1999.

The plaintiff claims that after he became a general member, the defendants breached the contract by, inter alia, creating a class of junior members, selling treasury memberships ahead of general memberships that were on a waiting list to be sold, and increasing the greens fees for guests who played more than four times a year. The plaintiff also claims that once he was a general member, he learned that the alleged representations regarding the financial status of HNGC, his ability to resell his general membership, and his brother's ability to play golf as many times as he wanted for a set price, were false.

The plaintiff commenced this action, inter alia, to rescind the contract and to recover damages for fraud, fraud in the inducement, breach of contract, and breach of the covenant of good faith and fair dealing. The defendants moved to dismiss the complaint, arguing that the documentary evidence given to the plaintiff was a complete defense to the action because these documents stated that HNGC was authorized to undertake each and every action alleged by the plaintiff to be improper. The Supreme Court granted the motion and dismissed the complaint.

The plaintiff's causes of action to recover damages for fraud and fraud in the inducement were properly dismissed because the claimed oral misrepresentations which the plaintiff relied on were either too general to support an action alleging fraud (*see* CPLR 3016 [b]; *Montchal v Northeast Sav. Bank,* 243 AD2d 452 [1997]), or were a mere expression of future expectations (*see Goldman v Strough Real Estate,* 2 AD3d 677 [2003]). Moreover, the plaintiff's reliance on these oral representations was unreasonable in light of the fact that the offering summary clearly stated that the plaintiff could not rely on any oral representation (*see Danann Realty Corp. v Harris,* 5 NY2d 317 [1959]).

The Supreme Court correctly dismissed the plaintiff's cause of action to recover damages for breach of contract because none of alleged actions taken by the defendants violated any provision of the contract between the parties. The plaintiff's cause of action to recover damages for breach of the implied duty of good faith and fair dealing also was properly dismissed because the plaintiff was seeking to imply an obligation of the defendants which was inconsistent with the terms of the contract (*see Horn v New York Times,* 100 NY2d 85, 93 [2003]; *Gill v Bowne Global Solutions,* 8 AD3d 339 [2004]).

The plaintiff's cause of action to rescind the contract was properly dismissed because the plaintiff did not allege that the defendants committed a substantial breach of the contract which defeated his objective in joining HNGC (*see Clanton v Smith,* 170 AD2d 643 [1991]).

The plaintiff's remaining contentions are without merit. Santucci, J.P., Luciano, Schmidt and Skelos, JJ., concur.