(July 17, 2007)

■ ADAM D. ADAMS, Appellant, v WASHINGTON GROUP, LLC, et al., Respondents. [840 NYS2d 109]—

In an action, inter alia, to recover damages for breach of the implied covenant of good faith and fair dealing and for a judgment declaring the rights of the parties with respect to a commercial lease, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Kings County

(Schneier, J.), dated April 19, 2006, as granted the defendants' motion for summary judgment dismissing the complaint, and (2) from a judgment of the same court dated May 19, 2006, which, upon the order, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by adding a provision thereto declaring that the subject lease terminated on December 15, 2004, and was not extended beyond that date; as so modified, the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff conceded at oral argument that the issues raised with respect to the oral extension of the lease term had become academic since the perfection of the appeal. With respect to the plaintiff's remaining contentions, the defendants established their entitlement to judgment as a matter of law by demonstrating that under the circumstances alleged, there could have been no reasonable reliance on the alleged oral promise (*see Aris Indus. v 1411 Trizechahn-Swig*, 294 AD2d 107 [2002]; *99 Realty Co. v Eikenberry*, 242 AD2d 215, 216 [1997]) and the actions allegedly taken by the plaintiff in reliance on the defendants' alleged promise are clearly not "unequivocally referable" to the promise (*Anostario v Vicinanzo*, 59 NY2d 662, 664 [1983]). The implied covenant of good faith and fair dealing, upon which the plaintiff relies, will not impose an obligation that would be inconsistent with the terms of the contract (*see Horn v New York Times*, 100 NY2d 85, 93 [2003]; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304 [1983]; *Fitzgerald v Hudson Natl. Golf Club*, 11 AD3d 426, 428 [2004]; *Gill v Bowne Global Solutions, Inc.*, 8 AD3d 339 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

Since this is, in part, a declaratory judgment action, the Supreme Court's judgment should have included an appropriate declaration in favor of the defendants (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert*

*denied* 371 US 901 [1962]). Rivera, J.P., Spolzino, Florio and Angiolillo, JJ., concur. [*See* 11 Misc 3d 1083(A), 2006 NY Slip Op 50672(U) (2006).]