OPINION OF THE COURT
Memorandum.
Final judgment reversed without costs and petition dismissed.
In this nonpayment proceeding, landlord demanded — in addition to July and August 2006 rent — administrative fees, service fees and legal costs. In the court below, landlord did not submit a copy of the parties’ lease and thus did not establish that these fees and costs were deemed additional rent under the lease. Moreover, although, on appeal, landlord has submitted a copy of the lease, thus conceding its genuineness, an examination thereof indicates that the lease did not deem the fees and costs additional rent. In these circumstances, these fees and costs are not recoverable in a summary proceeding (RPAPL 741 [5]; see e.g. Matter of Bedford Gardens Co. v Silberstein, 269 AD2d 445 [2000]; Matter of Petrakakis v Crown Hotels, 3 AD2d 635 [1956]). Since tenant tendered the full amount owed as rent prior to the entry of judgment, the final judgment is reversed and the petition dismissed (see Chester Mamaroneck Gardens v Riggsbee, 189 Misc 2d 439 [App Term, 9th & 10th Jud Dists 2001]).
Contrary to the views expressed in the concurrence, appellate courts routinely accept concessions on appeal with respect to matters that are dehors the record (e.g. Matter of Massi v Flynn, 46 AD3d 685 [2007]; Adams v Washington Group, LLC, 42 AD3d 475 [2007]). Here, since landlord has conceded the genuineness of the lease which it attached to its brief on appeal, there is no bar to this court’s examination of the lease for the purpose of reversing the final judgment of the court below in favor of landlord (see e.g. Brandes Meat Corp. v Cromer, 146 AD2d 666 [1989]; 275 Linden Realty Corp. v Caraballa, 5 Misc 3d 32 [App Term, 2d & 11th Jud Dists 2004]).