■ Tenber Associates, Respondent, v Bloomberg L.P., Appellant, et al., Respondents. [859 NYS2d 61]—

Order of the Appellate Term of the Supreme Court of the State of New York, First Department, entered June 26, 2006, reversing orders of the Civil Court, New York County (Geoffrey D. Wright, J.), entered March 2, 2005, which had dismissed petitioner commercial landlord's holdover petition, and May 12,

2005, which had denied petitioner's motion to reargue the prior order and granted tenant Bloomberg's cross motion to amend its answer to assert a counterclaim for legal fees, and remanding to Civil Court for calculation of use and occupancy owed petitioner pursuant to the lease agreement, unanimously affirmed, without costs.

Even though "due regard must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of the witnesses" (*Universal Leasing Servs. v Flushing Hae Kwan Rest.*, 169 AD2d 829, 830 [1991]), Appellate Term properly determined that Civil Court's findings were incompatible with any fair interpretation of the evidence. "Where, as here, a lease contains a clause requiring modification of its terms to be in a writing signed by the landlord, oral modification is generally precluded" (*Aris Indus. v 1411 Trizechahn-Swig*, 294 AD2d 107, 107 [2002]; *see* General Obligations Law § 15-301 [1]). The evidence at Civil Court established that despite several discussions and the exchange of a proposed extension of the lease, the parties, as in *Aris*, ultimately did not reach an agreement. Moreover, as Civil Court noted, the rent to be paid during the holdover period—an essential term of a lease agreement (*see Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109-110 [1981])—was left unresolved. Appellate Term properly rejected Bloomberg's estoppel claim since, under the circumstances, there could have been no reasonable reliance on the alleged oral promise and no unconscionable injury (*Aris*, 294 AD2d at 107).

Appellate Term also properly determined there was no alleged oral license agreement since, as noted above, an essential term of the alleged agreement was undecided (*see Marinas of the Future v City of New York*, 87 AD2d 270, 277 [1982], *appeal dismissed* 57 NY2d 775 [1982]), and the record indicates that the parties were negotiating a lease extension to grant Bloomberg exclusive possession of the premises, not just use or occupancy (*see e.g. American Jewish Theatre v Roundabout Theatre Co.*, 203 AD2d 155, 156 [1994]).

The liquidated damages clause, providing for two times the existing rent in the event of a holdover, was not an unenforceable penalty. Bloomberg failed to establish that damages could be anticipated in 1995, when the lease was executed (*see Parsons & Whittemore v 405 Lexington*, 299 AD2d 156 [2002], *lv denied* 99 NY2d 650 [2003]), or that the amount fixed was "plainly or grossly disproportionate to the probable loss" (*Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420, 425 [1977]). Concur—Andrias, J.P., Saxe, Sweeny, Moskowitz and DeGrasse, JJ. [*See* 12 Misc 3d 132(A), 2006 NY Slip Op 51154(U).]