INTERNATIONAL PLAZA ASSOCIATES, L.P., Respondent, v MICHAEL A. LACHER et al., Appellants and Third-Party Plaintiffs-Appellants. DAVID NEVINS et al., Third-Party Defendants-Respondents. [881 NYS2d 78]—

Order, Supreme Court, New York County (Debra A. James, J.), entered April 18, 2008, which, to the extent appealed from as limited by the briefs, granted the CPLR 3211 motion of plaintiff and third-party defendants David Nevins and Charles Steven Cohen (1) dismissing the second counterclaim alleging fraudulent inducement; (2) dismissing the claims for punitive damages; and (3) dismissing the third-party claims against Nevins and Cohen, unanimously affirmed, with costs.

The motion court properly determined that defendants' second counterclaim failed to allege fraud extraneous and collateral to the contract. The second counterclaim simply alleges that plaintiff failed to fulfill its contractual obligations to provide cleaning services and make certain improvements, and as such is merely a restatement of defendants' third and fourth counterclaims for breach of contract (*see Briefstein v Rotondo Constr. Co.*, 8 AD2d 349, 351 [1959]).

The motion court properly dismissed the third-party claims alleging fraud based on the rationale that defendants fail to allege reasonable reliance. As the motion court reasoned, the terms of the lease, including the no oral modification clause, preclude reasonable reliance on the alleged "misrepresentations," which are either at variance with the terms of the lease, or pertain to negotiations for a new lease which never came to fruition (*see Aris Indus. v 1411 Trizechahn-Swig*, 294 AD2d 107 [2002]).

Defendants argue that through Nevins' acceptance of late rent payments and his representations that defendants would be permitted to cure any defaults, Nevins established a course of dealing upon which defendants had a right to rely. However, such reliance is negated by the lease, which expressly provides that the landlord's failure to insist upon strict performance of the lease terms "shall not be construed as a waiver or relinquishment for the future of such term, covenant, condition, right or remedy," and that the landlord's acceptance of rent with knowledge of a breach of any term "shall not be deemed a waiver of such breach."

The motion court properly dismissed the claims for punitive damages. " 'Punitive damages are not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights' " (*Fulton v Allstate Ins. Co.*, 14 AD3d 380, 381 [2005], quoting *Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Nardelli, Buckley and Abdus-Salaam, JJ.