■ ORCHARD HOTEL, LLC, Respondent, v D.A.B. GROUP, LLC, Appellant, and BROOKLYN FEDERAL SAVINGS BANK et al., Respondents, et al., Defendants. [966 NYS2d 395]—

Orders, Supreme Court, New York County (Bernard J. Fried, J.), entered March 30, 2012, which granted plaintiff's and defendants-respondents' (additional counterclaim defendants) motions to dismiss defendant D.A.B. Group, LLC's counterclaims, unanimously affirmed, with costs.

Plaintiff, assignee of additional counterclaim defendant Brooklyn Federal Savings Bank, seeks to foreclose on real property securing two construction-related loans to defendant D.A.B. Group that matured on March 1, 2011 and remain unsatisfied. In its counterclaim for fraud, D.A.B. alleges that agents acting on behalf of Brooklyn Federal or additional counterclaim defendant State Bank of Texas orally misrepresented that the banks would extend the maturity date of the loans to November 2011. However, D.A.B. fails to allege the requisite reasonable reliance on these oral misrepresentations (see International Plaza Assoc., L.P. v Lacher, 63 AD3d 527, 528 [lst Dept 2009]). The loan documents expressly prohibit oral termination or amendment and provide for termination or amendment only in writing signed by Brooklyn Federal, and in the mortgage agreement D.A.B. acknowledged that the mortgage and all the other documents could be extended, modified or amended only in writing executed by Brooklyn Federal, and that no officer or administrator of the bank had the power or authority from the bank to make an oral extension or modification or amendment on any of the loan documents on its behalf.

D.A.B.'s counterclaim for breach of contract alleges that Brooklyn Federal failed to fund the construction project during certain periods in 2008 and 2009. This claim is barred by an estoppel certificate executed August 26, 2010 in which D.A.B. represented and warranted that it had no claims against Brooklyn Federal and no defenses to any of its obligations under any of the loan documents.

D.A.B. also alleges two post-estoppel certificate breaches by Brooklyn Federal. The first is a breach of the building loan agreement by the failure to fund the general contractor's requisitions numbered 8 and 9. This claim is also refuted by documentary evidence. The subject requisitions were certified after March 1, 2011, the maturity date of the building loan. As a consequence of D.A.B.'s default under the note at maturity, Brooklyn Federal was not obligated to make any more advances under the building loan agreement. Indeed, it was entitled to cease making any advances, without advising D.A.B. that D.A.B. was in default.

The second is a breach of a purported agreement to satisfy the mechanic's lien for $960,000 filed against the property by the general contractor in February 2010. Although D.A.B. did not refer to any particular written agreement, the motion court found a provision in the estoppel certificate that addresses this issue, and, on appeal, D.A.B. argues that this provision supports its claim. The provision states, "The sum of $12,040,000 is avail-

able to Contractor which sum may be increased by the amount, if any, by which the Cava Construction mechanic's lien is resolved, to the satisfaction of Lender, for a sum less than $960,000, provided that no assurances are made as to the availability of any such additional funds." However, as the court concluded, nothing in the provision suggests that Brooklyn Federal agreed to pay the lien.

In its third counterclaim, D.A.B. alleges that Brooklyn Federal "grossly exaggerated the amount necessary to fully satisfy the loan by miscalculating interest and purported late charges due," as a result of which D.A.B. was unable to satisfy or obtain financing to refinance the loan. As the motion court found, even if these allegations are true, they do not fit into any cognizable legal theory. "[A] dispute as to the exact amount owed by the mortgagor to the mortgagee . . . does not preclude the issuance of summary judgment directing the sale of the mortgaged property" (*Long Is. Sav. Bank of Centereach, F.S.B. v Denkensohn*, 222 AD2d 659, 660 [2d Dept 1995]). Concur—Mazzarelli, J.P., Andrias, DeGrasse, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 35 Misc 3d 1206(A), 2012 NY Slip Op 50576(U).]**