■ AFTER MIDNIGHT COMPANY LLC, Appellant, v MIP 145 EAST 57TH STREET, LLC, Respondent. [43 NYS3d 749]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered on or about November 16, 2016, which, to the extent appealed from as limited by the briefs, granted defendant's motion dismissing in part the complaint, unanimously affirmed, with costs.

The IAS court properly found that article 4 of the parties' lease precludes plaintiff, a commercial tenant, from bringing any claim against defendant landlord for inconvenience, annoyance, or injury to plaintiff's business. This Court has repeatedly interpreted substantially identical lease provisions in this way (*see e.g. Bowlmor Times Sq. LLC v AI 229 W. 43rd St. Prop. Owner, LLC*, 106 AD3d 646, 647 [1st Dept 2013]; *Duane Reade v 405 Lexington, L.L.C.*, 22 AD3d 108, 111, 112 [1st Dept 2005]; *Periphery Loungewear v Kantron Roofing Corp.*, 190 AD2d 457 [1st Dept 1993]).

Plaintiff's fraud claim failed to allege particular facts (*see* CPLR 3016 [b]) and was duplicative of the breach of contract claim (*International Plaza Assoc., L.P. v Lacher*, 63 AD3d 527 [1st Dept 2009]).

The negligence claim was duplicative of the breach of contract claim (*see Sommer v Federal Signal Corp.*, 79 NY2d 540, 551 [1992]). In addition, plaintiff failed to allege conduct that "smack[ed] of intentional wrongdoing" sufficient to support a claim for gross negligence (*id.* at 554 [internal quotation marks omitted]). Plaintiff alleged no more than breach of a private contract and loss of the benefit of its bargain.

The IAS court correctly dismissed plaintiff's claims for unjust enrichment and constructive trust, since the claims involve subject matter covered by the parties' enforceable contract (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]). Concur—Acosta, J.P., Mazzarelli, Andrias, Feinman and Webber, JJ.