800 Third Ave. Assoc., LLC v Roadrunner Capital Partners LLC (2023 NY Slip Op 01156)

800 Third Ave. Assoc., LLC v Roadrunner Capital Partners LLC

2023 NY Slip Op 01156

Decided on March 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2023

Before: Renwick, J.P., Singh, Kennedy, Mendez, Rodriguez, JJ. 

Index No. 650607/21 Appeal No. 17458-17459 Case No. 2022-00477, 2022-00710 

[*1]800 Third Avenue Associates, LLC, Plaintiff-Respondent,
v
Roadrunner Capital Partners LLC, Defendant-Appellant.

Sills Cummis & Gross P.C., New York (James M. Hirschhorn of counsel), for appellant.
Platte Klarsfeld & Levine, LLP, New York (Jeffrey Klarsfeld of counsel), for respondent.

Judgment, Supreme Court, New York County (Laurence Love, J.), entered January 28, 2022, in plaintiff's favor and against defendant, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered January 21, 2022, which granted plaintiff's motion for summary judgment on its first and second causes of action, dismissed defendant's affirmative defenses and counterclaims, and directed an assessment of attorney's fees and additional unpaid rent, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
In light of certain provisions in the parties' lease agreement, oral modifications to the lease are generally precluded (see General Obligations Law § 15-301; Aris Indus. v 1411 Trizechahn-Swig, 294 AD2d 107, 107 [1st Dept 2002]). Paragraph 21 of the lease states that any subsequent agreement would be ineffective unless in writing and signed by the party against whom enforcement is sought (here, plaintiff). Paragraph 25 provides that no provision of the lease is deemed waived unless in writing signed by plaintiff, and paragraph 25 of the lease and article 45 of the lease rider state that acceptance of partial payment of tenancy obligations would not be deemed an accord and satisfaction or affect plaintiff's right to seek the balance owed.
The history of the 50% payment of rent by defendant is not unequivocally referrable to an oral agreement to waive or modify a lease term (see Paramount Leasehold, L.P. v 43rd St. Deli, Inc., 136 AD3d 563, 568-569 [1st Dept 2016], lv dismissed and denied 28 NY3d 1024 [2016]). There are other possible reasons as to why defendant failed to pay rent that have nothing to do with an oral modification, such as an inability or unwillingness to pay the full rent (see generally Anostario v Vicinanzo, 59 NY2d 662, 664 [1983]). Additionally, the no-waiver clause allows plaintiff to accept partial rent without waiving entitlement to collect the remainder. Defendant introduced no evidence other than the uncorroborated affidavit of its agent that an oral agreement exists, and defendant has not indicated that any specific written evidence exists that might prove the existence of a valid modification.
Defendant's argument that the court should have denied plaintiff's motion and allowed for discovery pursuant to CPLR 3212(f) is unavailing. Defendant speculates that internal memos or emails may exist that would contradict plaintiff's position that no oral agreement was made. However, defendant's mere hope that discovery will yield evidence of a triable issue, without targeting any specific documents it knows to be in plaintiff's exclusive possession, is insufficient and not a basis for denying plaintiff summary judgment (see Island Fed. Credit Union v I&D Hacking Corp., 194 AD3d 482 [1st Dept 2021]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2023