622 Third Ave. Co. LLC v Hyatt Leader Ltd (2024 NY Slip Op 01976)

622 Third Ave. Co. LLC v Hyatt Leader Ltd

2024 NY Slip Op 01976

Decided on April 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2024

Before: Oing, J.P., Friedman, Kapnick, Scarpulla, Pitt-Burke, JJ. 

Index No. 158856/20 Appeal No. 2011 Case No. 2023-02776 

[*1]622 Third Avenue Company LLC, Plaintiff-Respondent,
v
Hyatt Leader Ltd, Formerly Known as R. W. Davis & Company, Defendant-Appellant.

Rosenfeld & Kaplan, LLP, New York (Steven M. Kaplan of counsel), for appellant.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered May 17, 2023, which insofar as appealed from, granted plaintiff's motion for summary judgment against defendant in the amount of $220,504.17 plus interest and costs, dismissed defendant's second affirmative defense, and denied defendant's cross-motion for summary judgment in its favor, as limited by the briefs, unanimously affirmed, with costs.
Defendant Hyatt Leader Ltd, f/k/a R.W. Davis & Company leased the 34th floor of a building owned by plaintiff 622 Third Avenue Company, LLC, located at 622 Third Avenue in Manhattan. Defendant claims that it ceased operations in March 2020 because of the Covid-19 pandemic and ultimately abandoned the premises in April 2020. In its complaint plaintiff alleged that defendant breached the lease by failing to pay rent beginning in July 2020, and sought unpaid rent through the end of the lease term.
Defendant asserts that it surrendered the premises by operation of law (Riverside Research Inst. v KMGA, Inc., 68 NY2d 689, 691-692 [1986]). However, it provided no evidence that plaintiff acted in a manner that was inconsistent with the landlord-tenant relationship (see 9-11 Stanton St Realty Corp. v Stanton St. Cleaners, Inc, 222 AD3d 570, 572 [1st Dept 2023]). Instead, plaintiff's December 2, 2020 letter accepting defendant's surrender specifically stated that it was without prejudice to seeking damages for unpaid rent.
Further, the court properly dismissed the second affirmative defense of estoppel and waiver because defendant did not present evidence that plaintiff made a clear and unambiguous promise to relieve it of its rent obligations if defendant surrendered the premises and that defendant acted in reliance on that promise (see Matter of Shondel J. v Mark D., 7 NY3d 320, 326 [2006]). The Rent Demand sent by plaintiff to defendant included an offer to relieve defendant from its rent obligations under the lease if it surrendered the premises by October 15, 2020. It was undisputed that defendant did not surrender by that deadline and only agreed to surrender the premises and returned the keys on November 18, 2020 (see 99 Realty Co. v Eikenberry, 242 AD2d 215, 216 [1st Dept 1997]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2024