A.J.D. Bldg. LLC v Ben-Harush (2024 NY Slip Op 02582)

A.J.D. Bldg. LLC v Ben-Harush

2024 NY Slip Op 02582

Decided on May 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2024

Before: Manzanet-Daniels, J.P., Singh, Kapnick, Gesmer, Rodriguez, JJ. 

Index No. 157386/21 Appeal No. 2260 Case No. 2023-03825 

[*1]The A.J.D. Building LLC, Plaintiff-Appellant,
v
Yehiel Ben-Harush, et al., Defendants-Respondents.

Itkowitz PLLC, Brooklyn (Michelle M. Itkowitz of counsel), for appellant.
The Law Offices of Peter Sverd, PLLC, New York (Peter E. Sverd of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered April 3, 2023, which, insofar as appealed from, denied plaintiff's motion for summary judgment, and dismissed the complaint, unanimously reversed, on the law, without costs, the complaint reinstated, plaintiff's motion granted as to liability, and the matter remanded for further proceedings on damages.
Plaintiff established its entitlement to summary judgment as to liability on its claim for amounts due under defendants' guaranty by establishing the existence of an absolute and unconditional guaranty, the underlying debt, and the guarantors' failure to perform under the guaranty (3 E. 54th N.Y. LLC v Chatiris, 225 AD3d 413 [1st Dept 2024]). Furthermore, plaintiff's claim was not barred by Administrative Code of the City of New York § 22-1005 (the guaranty law), from enforcing a guaranty for amounts that accrued after June 30, 2021 (id.). Since defendants failed to raise a triable issue of fact, summary judgment should have been granted on plaintiff's claim.
To the extent defendants' arguments may be construed as urging their detrimental reliance defense as a basis for affirmance, we reject the argument. The lease contained a merger clause, and no written modification of the lease was ever signed (Joseph P. Day Realty Corp. v Lawrence Assoc., 270 AD2d 140, 141-142 [1st Dept 2000]). Defendants' conduct, which included moving out their subtenants, vacating the premises, and agreeing to give up their security deposit, is not "unequivocally referable" to the modification, which was never signed (id.).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2024