OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court, Montgomery County, dismissing the complaint on the merits should be reinstated.
Plaintiff seeks to enforce an alleged oral agreement, which has, as its object, the purchase of real property. We agree with the determinations below that the contract is subject to the Statute of Frauds (General Obligations Law, § 5-703, subd 1) which has not been complied with, inasmuch as the writings offered by plaintiff do not sufficiently spell out the terms of the alleged agreement. Relief in the form of specific performance of the alleged agreement was nevertheless granted by the Appellate Division, apparently on the basis that plaintiff had proved sufficient acts of part performance as to remove the oral agreement from the statute’s mandate.
The oral agreement alleged by plaintiff provided that plaintiff and defendant would hold equal shares of a corporation formed to hold title to and run the affairs of a seven-story office building. Defendant, an attorney, was to arrange for the purchase and financing of the building and to perform legal services for the corporation on a continuing basis. Plaintiff, for his part, was to be responsible for the over-all management of the building, including repairs and remodeling and handling the tenants. Prior to the formation of the corporation, plaintiff and defendant signed a purchase agreement for the building, as copromoters of a corporation to be formed. Thereafter, both parties signed a bank note for the sum of $37,000 which was used for a down payment. This obligation was paid when defendant secured the mortgage commitment. Plaintiff eventually assigned his interest in the purchase contract to the newly formed corporation. These actions are relied upon by plaintiff as constituting sufficient part performance to *664 remove the alleged oral agreement from the operation of the Statute of Frauds.
The doctrine of part performance may be invoked only if plaintiff’s actions can be characterized as “unequivocally referable” to the agreement alleged. It is not sufficient, as Presiding Justice Mahoney noted in the dissent below (56 AD2d 406, 412), that the oral agreement gives significance to plaintiff’s actions. Rather, the actions alone must be “unintelligible or at least extraordinary”, explainable only with reference to the oral agreement (Burns v McCormick, 233 NY 230, 232; Cooper v Schube, 86 AD2d 62, affd on opn below 57 NY2d 1016). Plaintiff’s actions, viewed alone, are not “unequivocally referable” to an agreement to convey a one-half interest in defendant’s corporation. While the agreement alleged provides a possible motivation for plaintiff’s actions, the performance is equivocal, for it is as reasonably explained by the possibility of other expectations, such as the receipt of compensation other than in the form of an equity interest in the corporation. Moreover, the performance undertaken by plaintiff is also explainable as preparatory steps taken with a view toward consummation of an agreement in the future (see Grade Sq. Realty Corp. v Choice Realty Corp., 305 NY 271, 282). Inasmuch as no basis for application of an exception to the Statute of Frauds has been demonstrated, Supreme Court properly dismissed plaintiff’s complaint.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
Order reversed, with costs, and the judgment of Supreme Court, Montgomery County, reinstated in a memorandum.