■ I.P.X. CONSTRUCTION CORP., Respondent, v PETER MERGENTHALER et al., Appellants and Third-Party Plaintiffs-Appellants, et al., Defendants. HERBERT M. KUSCHNER et al., Third-Party Defendants-Respondents. — In a mortgage foreclosure action, defendants and third-party plaintiffs appeal (1) from an order of the Supreme Court, Suffolk County (Orgera, J.), dated

April 27, 1984, which (a) granted third-party defendants' motion to dismiss the third-party complaint pursuant to CPLR 3211 (a) (5), and (b) denied their cross motion for a default judgment against the two corporate third-party defendants, and (2) as limited by their brief, from so much of an order of said court, dated August 3, 1984, as, *inter alia,* (a) granted plaintiff's motion to sever the main action from the third-party action based on the dismissal of the latter action, and (b) denied the defendants and third-party plaintiffs' cross motion to disqualify plaintiff's counsel.

Order dated April 27, 1984 affirmed and order dated August 3, 1984 affirmed, insofar as appealed from, with one bill of costs payable jointly to the respondents appearing separately and filing separate briefs. The stay granted in the order of this court dated September 6, 1984 is hereby vacated.

Appellants' third-party action for indemnification was predicated on an alleged oral agreement by the third-party defendants to "make any and all payments, including, but not limited to, amortization of principal and interest on said bond and mortgage, as well as all taxes, and assessments * * * with respect to the mortgaged premises". Special Term dismissed the third-party complaint as barred by the Statute of Frauds, rejecting the claim by appellants that there was part performance unequivocally referable to the alleged agreement so as to remove it from the Statute of Frauds. We find no merit to appellants' claim that dismissal on motion was improper because of the existence of triable issues of fact as to whether there was part performance unequivocally referable to the agreement (*see, e.g., Burns v McCormick,* 233 NY 230, 232; *Anostario v Vicinanzo,* 59 NY2d 662, 664; *Cooper v Schube,* 86 AD2d 62, *affd* 57 NY2d 1016; *Marcraft Recreation Corp. v Devlin Co.,* 506 F Supp 1081, 1085).

The conduct which was alleged to constitute part performance was (1) the fact that third-party defendant Kuschner made two interest payments to the mortgagee, and (2) the performance of substantial services by appellant Peter Mergenthaler with respect to Kuschner's businesses. In addition to the fact that the two interest payments were reasonably explainable as a loan (*see, Anostario v Vicinanzo, supra,* at p 664), the payments were not made by the party seeking to enforce the agreement, in reliance on the agreement, which could give rise to an equitable estoppel (*see, Gross v Vogel,* 81 AD2d 576). Furthermore, the services which Mergenthaler allegedly performed were the basis of his claim, in a separate action, that Kuschner had agreed to give Mergenthaler a 50% interest in certain of his business

ventures. Thus they were not unequivocally referable to a completely different alleged oral agreement by Kuschner to pay Mergenthaler's mortgage obligation.

Inasmuch as the denial of appellants' cross motion for a default judgment as against the corporate third-party defendants and the grant of plaintiff's motion for a separate trial on the main foreclosure action were based on the dismissal of the third-party complaint, those parts of the orders should be affirmed. The fact that there has been a substitution of plaintiff's attorney of record renders moot appellants' challenge to the denial of their cross motion for disqualification of his prior attorney. Thompson, J. P., Weinstein, Brown and Kunzeman, JJ., concur.