■ JEFFREY J. KLEIN, Respondent-Appellant, v REGINA
KLEIN, Appellant-Respondent.—In a matrimonial action in
which the parties were divorced by judgment dated December
1, 1987, (1) the defendant wife appeals, as limited by her brief,
(a) from stated portions of order of the Supreme Court, Nassau
County (Di Noto, J.), dated June 21, 1989, which, *inter alia,*
granted those branches of the plaintiff husband's motion
which were for the appointment of a receiver to sell the
former marital residence pursuant to the home-sale provision
of the parties' stipulation of settlement and judgment of
divorce, and (b) from stated portions of an order of the same
court, entered October 27, 1989, which, *inter alia,* granted the
plaintiff's cross motion for reargument and renewal, and upon
reargument and renewal, directed the Nassau County Sheriff
to take and dispose of certain personal property located at the
former marital residence pursuant to CPLR 2703, and (2) the
plaintiff husband appeals, as limited by his brief, from stated
portions of an order of the same court, entered February 21,
1990, which, *inter alia,* denied his application to compel the
defendant to vacate the former marital residence.

Ordered that the order dated June 21, 1989, is reversed
insofar as appealed from, and that branch of the plaintiff's
motion which was for the appointment of a receiver is denied;
and it is further,

Ordered that the order entered October 27, 1989, is reversed
insofar as appealed from, with costs, and the plaintiff's motion
for renewal and reargument is denied; and it is further,

Ordered that the order entered February 21, 1990, is af-
firmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The parties were married in 1967. The plaintiff commenced
an action for divorce, following which he and the defendant
executed a written stipulation of settlement on September 17,
1987. The judgment of divorce, entered December 1, 1987, and
the stipulation of settlement (hereafter the stipulation) pro-
vided for joint custody of the children alternating every two
weeks, and granted the plaintiff exclusive occupancy of the
former marital residence.

In 1988, the parties attempted to reconcile. However, their
attempts failed, and the plaintiff left the former marital
residence in April of 1988. The defendant and both children

remained in the former marital residence. Although the plaintiff left the home, he did not invoke the provision of the judgment of divorce and the stipulation by which he was authorized to direct that the house be sold when it was no longer his "principal residence". Rather, the parties orally agreed that the defendant would remain there with the children upon mutually-agreed-upon terms.

The plaintiff then brought the instant applications seeking, *inter alia,* (1) appointment of a receiver to proceed with the immediate sale of the home, and (2) an order directing the defendant to pay the mortgage, interest, and expenses on the home until she actually vacates the premises.

The Supreme Court granted the plaintiff's application for the appointment of a receiver pursuant to CPLR 6401. On October 16, 1989, this court granted a stay of that provision.

The central question here is whether the parties modified the provisions of the stipulation insofar as it relates to their rights relative to the home. It has been held that agreements may be modified by the parties' conduct, if the conduct unambiguously reflects the modification *(see, Savino v Savino,* 146 AD2d 766, 767). The Court of Appeals has given effect to an oral modification based upon the parties' unequivocal conduct which "was not compatible with any option in the written agreement" *(Rose v Spa Realty Assocs.,* 42 NY2d 338, 345). Here, the parties' conduct is "unambiguously referrable" to their oral modification. Their negotiation and adherence to the modified agreement for almost a year is "not compatible with any option" contained in their stipulation or divorce judgment. In the case of *Terjen v Terjen* (143 AD2d 341, 342), this court, applying the doctrine of mutual modification by conduct, declined to direct specific performance of a provision contained in a stipulation of settlement. We upheld hearing findings that both parties, by their conduct, had agreed to ignore their original agreement to have the husband buy out the wife's share of the marital residence at a price to be based upon an appraisal. The husband's willingness to permit the status quo to exist led us to conclude that "there was a mutual waiver of rights under the stipulation" *(Terjen v Terjen, supra,* at 342). Here too, the plaintiff agreed to, and acted under, the modification for more than a year, while the defendant and the parties' daughter relied on that modification to regulate their lives. Accordingly, this court finds that the provision sought to be enforced has been modified by mutual agreement.

Pursuant to the modified agreement between the parties,

the plaintiff has lost his right to reside in the marital residence, and the defendant may remain there until such time as the stipulation of settlement between the parties requires that the house be sold, namely, March 1 of the year in which the parties' youngest child is in her last year of high school, or at such time as the parties' children are sooner emancipated. Our determination is without prejudice to either party seeking relief with respect to the other terms and conditions of the defendant's occupancy of the former marital residence relating to the payment of carrying charges or other charges and costs.

In light of this holding, we decline to address the merits of the plaintiff's other contentions. Sullivan, J. P., Lawrence, Rosenblatt and Miller, JJ., concur.