OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the orders of Supreme Court, Nassau County, dated June 21,1989 and October 26, 1989, should be reinstated.
The only aspect of the extended matrimonial dispute between the parties before this Court relates to their former marital residence. The parties entered into a stipulation of settlement, which was not merged into and expressly survived the 1987 divorce judgment. Under the terms of the settlement, appellant former husband was entitled to exclusive occupancy of the marital residence until the occurrence of specified events, after which the house was to be sold. Both the settlement and the judgment contained a "no oral modification” clause.
*878 The question now presented is whether the settlement provision concerning the residence was subsequently orally modified to grant respondent former wife the exclusive right to reside in the former marital residence until the occurrence of the events specified in the settlement. The Appellate Division (169 AD2d 817) found a modification of the formal settlement terms sustainable within the principles established in Rose v Spa Realty Assocs. (42 NY2d 338, 343), concluding that the parties’ subsequent conduct was unequivocally referable to an alleged oral agreement between the former spouses. We disagree based on the rationale and principles of Anostario v Vicinanzo (59 NY2d 662).
Whether oral modification of a surviving separation agreement with a no-oral-modification clause is enforceable and may satisfy the Statute of Frauds in certain circumstances, we nevertheless conclude in this case that respondent former wife has not sufficiently presented a basis for application of the narrow partial performance exception to the Statute of Frauds (General Obligations Law § 5-703 [1]; § 15-301 [1]; Anostario v Vicinanzo, supra). She has been residing in the former marital residence and is paying her former husband, the appellant, "rent” in the amount of $1,300 per month. Her conduct in these respects and her former husband’s acceptance of this arrangement are not, as a matter of law on the record before us, "unequivocally referable” to an alleged oral agreement that respondent former wife could remain in the former marital residence until such time as the stipulation of settlement triggers a sale of the house. Although such an oral agreement, if indeed it had been made, would provide one possible motivation for the parties’ conduct, their acts are "equivocal” and can also be "reasonably explained by the possibility of other expectations”, such as the appellant former husband’s expectation that the former wife would reside in the former marital residence for a short period of time, only until she made alternative living arrangements (Anostario v Vicinanzo, 59 NY2d 662, 664, supra). The Statute of Frauds, therefore, bars the former wife’s claim of an alleged oral modification of the terms of the settlement and judgment concerning the sale of the former marital residence. No basis for application of the asserted exception to that bar has been demonstrated, and Supreme Court correctly directed enforcement under the terms of the stipulation of settlement rather than a modification of it.
*879 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.