■ BEVERLY W. POLLACK, Respondent-Appellant, v ALAN M. POLLACK, Appellant-Respondent. [650 NYS2d 532] —Order, Supreme Court, New York County (David B. Saxe, J.), entered January 2, 1996, which granted plaintiff's motion and awarded her $26,359.68 in child support arrears and $4,000 in attorneys' fees, denied defendant's cross-motion for an order directing that the issue of child support modification be resolved by arbitration, and referred for a hearing the calculation of medical expense arrears due and owing, the extent of defendant's obligation to contribute to the college tuition and related expenses for the parties' daughter, and the extent, if any, to which his child support obligation should be modified, and denied plaintiff's request for arrears accruing during the pendency of the motion, unanimously modified, on the law and the facts, to the extent of also referring to the Special Referee the amount of additional arrears if warranted, whether plaintiff's failure to provide defendant with medical bills within a reasonable time vitiated her entitlement to reimbursement, and recomputation of any and all arrears in consideration of the Statute of Limitations, and otherwise affirmed.

The court properly found that the actions and/or inactions of the parties were not a course of conduct which was " 'unambiguously referrable' " to a modification of the parties' 1981 separation agreement *(Klein v Klein,* 169 AD2d 817, 818, *revd on other grounds* 79 NY2d 876). Nor is the question of support modification included in the separation agreement's limited arbitration clause. The court thus properly referred to the Special Referee the issue of any increase or decrease in support based upon the reasonable needs of the children and relative financial standings of the parties *(see, Matter of Michaels v Michaels,* 56 NY2d 924), with no credit to be taken against support for voluntary payments to third parties *(see, Krantz v Krantz,* 175 AD2d 865). However, the amount of support arrears should be recomputed to take into account the six year Statute of Limitations governing an action on a separation agreement *(see, Tauber v Lebow,* 65 NY2d 596). In addition, the question of whether plaintiff submitted medical bills "within a reasonable time", as contemplated by the agreement, or whether the doctrine of laches applies due to defendant's prejudice if he is unable to submit the bills to his carrier, should be heard by the Referee. Finally, as plaintiff had specifically notified defendant of her intention to seek arrears which accrued during pendency of the motion *(see,* Domestic Relations Law § 244-a), the court erred in denying consideration of an award for additional accrued arrears, if warranted. Concur—Sullivan, J. P., Rosenberger, Kupferman, Tom and Mazzarelli, JJ.