■ 745 Nostrand Retail Ltd., et al., Appellants, v 745 Jefco Corp. et al., Respondents. [854 NYS2d 773]—

In an action, inter alia, for a judgment declaring that the plaintiffs entered into a valid 10-year lease with the defendants for certain retail store premises, the plaintiffs appeal from an order of the Supreme Court, Kings County (Bunyan, J.), dated January 12, 2007, which granted those branches of the defendants' motion which were for summary judgment, in effect, declaring that the parties did not enter into a valid 10-year lease, dismissing the second cause of action, canceling the notice of pendency, and for judgment on a counterclaim for a warrant of ejectment, and denied their cross motion, among other things, for summary judgment declaring that the parties entered into a valid 10-year lease and for leave to serve an amended complaint asserting a cause of action sounding in promissory estoppel.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, inter alia, for the entry of a judgment, among other things, declaring that the parties did not enter into a valid 10-year lease.

The defendants established their entitlement to summary judgment declaring that the parties did not enter into a valid 10-year lease based, inter alia, upon the statute of frauds (*see* General Obligations Law § 5-703). In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs rely on the equitable doctrine of part performance (*see* General Obligations Law § 5-703 [4]), which required conduct by them which was "unequivocally referable" to the purported 10-year lease (*Burns v McCormick*, 233 NY 230, 234 [1922]). "Unequivocally referable" conduct is conduct which is "inconsistent with any other explanation" (*Richardson & Lucas, Inc. v New York Athletic Club of City of N.Y.*, 304 AD2d 462, 463 [2003]). There is no evidence in the record of conduct by the plaintiffs which is unequivocally referable to a purported 10-year lease and inconsistent with any other explanation (*see Lebowitz v Mingus*, 100 AD2d 816, 817 [1984]).

The plaintiffs' remaining contentions are without merit (*see American Bartenders School v 105 Madison Co.*, 59 NY2d 716, 718 [1983]; *Foster v Kovner*, 44 AD3d 23 [2007]; *NGR, LLC v General Elec. Co.*, 24 AD3d 425 [2005]; *Dunn v B&H Assoc.*, 295 AD2d 396, 397 [2002]; *Melwani v Jain*, 281 AD2d 276, 277 [2001]).

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, inter alia, for

entry of an appropriate declaratory judgment (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Lifson, Florio and Chambers, JJ., concur.