■ PAUL SOHAYEGH et al., Respondents, v SION SOHAYEGH, Also Known as SHOHROLLAH SOHAYEGH, Appellant. [874 NYS2d 814]—

In an action for a judgment declaring, in effect, that the plaintiff Paul Sohayegh is the sole member of the plaintiff Bravo Management, LLC, that the plaintiff Bravo Management, LLC, is the sole owner of certain real property, and that the defendant has no interest in the plaintiff Bravo Management, LLC, or the subject property, the defendant appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Nassau County (Austin, J.), dated January 24, 2008, as granted the plaintiffs' cross motion for summary judgment on the complaint and dismissing his counterclaims, and denied those branches of his motion which were for leave to amend the answer to assert certain counterclaims, among other things, to recover damages for tortious interference with contractual relations, and (2) a judgment of the same court entered February 20, 2008, as, upon the order, declared that the plaintiff Paul Sohayegh is the sole member of the plaintiff Bravo Management, LLC, that the plaintiff Bravo Management, LLC, is the sole owner of the subject property, and that the defendant has no interest in the plaintiff Bravo Management, LLC, or the subject property. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant alleged that he and the plaintiff Paul Sohayegh entered into an oral agreement, pursuant to which the defendant would, in effect, receive a 50% interest in the subject property. However, on their cross motion for summary judgment, the plaintiffs established, prima facie, that the statute of frauds barred the enforcement of that alleged oral agreement (*see* General Obligations Law § 5-703 [2]; CPLR 3212 [c]). In opposition, the defendant failed to raise a triable issue of fact as to whether that alleged agreement was enforceable (*see Anostario v Vicinanzo*, 59 NY2d 662, 663-664 [1983]). Accordingly, the Supreme Court properly granted the plaintiffs' cross motion, and properly declared, inter alia, that the defendant had no interest in the subject property.

The defendant's remaining contentions are without merit. Rivera, J.P., Ritter, Covello and Angiolillo, JJ., concur. [*See* 2008 NY Slip Op 30307(U).]