12-1309-cv(L)
Kolmar Americas, Inc. v. Koch Supply & Trading LP

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand thirteen.

Present:
　　　　ROBERT A. KATZMANN,
　　　　GERARD E. LYNCH,
　　　　　　　*Circuit Judges*,
　　　　ROSLYNN R. MAUSKOPF,
　　　　　　　*District Judge*.[*]

————————————————————————————————

KOLMAR AMERICAS, INC.,

　　　　*Plaintiff-Counter-Defendant-Appellant-Cross-Appellee*,

　　　　　　v.　　　　　　　　　　Nos.　12-1309 (Lead), 12-1509 (XAP)

KOCH SUPPLY & TRADING LP,

　　　　*Defendant-Counter-Claimant-Appellee-Cross-Appellant.*

————————————————————————————————

For Plaintiff-Appellant:　　　　PAUL R. GARCIA (Catherine E. James, on the brief), Kelly Drye & Warren, LLP, Chicago, IL.

————————————

[*] The Honorable Rosylnn R. Mauskopf, of the United States District Court for the Eastern District of New York, sitting by designation.

For Defendant-Appellee:    BRUCE G. PAULSEN (Michael B. Weitman, *on the brief*),
                           Seward and Kissel LLP, New York, NY

                           Aaron D. Van Oort, *on the brief*, Faegre Baker Daniels LLP,
                           Minneapolis, MN.


Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Counter-Defendant-Appellant-Cross-Appellee Kolmar Americas, Inc. ("Kolmar") appeals from February 29, 2012 judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*). The district court concluded that Kolmar breached a contract for the purchase of a chemical product by failing to arrive in Corpus Christi, Texas to pick up the product by September 30, 2010. The district court also found that Defendant-Counter-Claimant-Appellee-Cross-Appellant Koch Supply & Trading LP ("Koch") breached a different part of the contract and, based on a contractual provision that required a "defaulting party" to pay the other party's attorneys' fees, the court required each party to pay all of the other's fees.

Kolmar argues that it did not breach the contract because (1) it was not required to pick up any product from a second location (in Corpus Christi) after having arrived in the first location (Houston) on time; (2) it reached an agreement with Koch to extend the deadline to October 2, 2010; or (3) Koch waived the September 30 deadline. In its cross-appeal, Koch contends that the district court erred in requiring it to pay Kolmar's attorneys' fees because nearly all of the fees were incurred in connection with the claim on which Kolmar ultimately

2

lost.  We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

We first conclude that Kolmar forfeited its argument that it was not required to pick up some of the product from two different ports during the same month.  Kolmar never made this argument below.  *See Amalgamated Clothing & Textile Workers Union v. Wal-Mart Stores, Inc.*, 54 F.3d 69, 73 (2d Cir. 1995) (holding that issues not raised in district court are forfeited).  In fact, Kolmar may have knowingly waived the argument because it explicitly acknowledged in its statement of undisputed facts that Koch was allowed to split the monthly installments into two deliveries at *any two* of the ports referenced in the contract.

Next, we consider whether the parties reached an agreement to extend the delivery deadline to October 2, 2010.  For the reasons articulated by the district court, we agree that there was no express agreement.  Koch demanded an unequivocal statement that Kolmar would pay an additional six cents per gallon, but Kolmar refused and, instead, reserved its rights to the original contract price.  Kolmar contends that, under Section 1-207 the New York Uniform Commercial Code, its reservation of rights could not have prevented the formation of a contract.  However, Kolmar fails to cite any New York cases in which § 1-207 has been applied in this manner to the formation—rather than the performance—of a contract.  We also reject Kolmar's contention that its supplemental letter of credit demonstrated acceptance of Koch's offer to extend the deadline.  Under the facts of this case, the supplemental letter of credit did not constitute a promise to pay an extra six cents per gallon.  It simply ensured that Koch would have possession of the disputed funds while the parties litigated their dispute.

3

Kolmar further contends that the parties' actions demonstrated the existence of a contract. Because the contract required all modifications to be in writing, the parties' actions could only establish mutual assent if those actions were "unequivocally referable" to the modification. *Dallas Aero., Inc. v. CIS Air Corp.,* 352 F.3d 775, 783 (2d Cir. 2003). In other words, "actions that might well have been undertaken in fulfillment of the agreement but could also have been done for entirely different reasons are insufficient to prove the existence of the agreement." *Messner Vetere Berger McNamee Schmetterer Euro RSCG Inc. v. Aegis Grp. PLC*, 150 F.3d 194, 196 (2d Cir. 1998) (citing *Anostario v. Vicinanzo*, 59 N.Y.2d 662, 664 (1983)). As the district court explained, the parties in this case could just as easily have acted the way they did in preparation for the possibility that an agreement would eventually be reached before 11:59 p.m. on October 2, 2010.

Lastly, Kolmar argues that Koch waived the September 30 delivery deadline. Waiver, however, is an affirmative defense that must be raised in a party's pleadings. Fed. R. Civ. P. 8(c). Kolmar claims that it raised the waiver argument in its complaint, but the paragraph of the complaint it cites makes no reference to any purported waiver by Koch. *See* J. App'x 15 ¶ 24. Although we have the discretion to excuse the forfeiture of an affirmative defense when both parties had a chance to brief the merits of the defense, *see Curry v. City of Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003), we decline to exercise that discretion here.[1]

---

[1] Kolmar did raise the related defense of estoppel in its pleadings. However, there was no clear affirmative representation from Koch that it would abandon the September 30 delivery deadline and, therefore, Kolmar could not have taken any actions in reliance on such a representation. *See Fundamental Portfolio Advisors, Inc. V. Tocqueville Asset Mgmt., L.P.*, 7 N.Y.3d 96, 106-07 (2006) ("[I]n the absence of evidence that a party was misled by another's conduct or that the party significantly and justifiably relied on that conduct to its disadvantage, an essential element of estoppel is lacking.").

4

With respect to Koch's cross appeal, we review for abuse of discretion an award of attorneys' fees pursuant to a valid contract.[2] *See U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34, 74 (2d Cir. 2004). "[A]buse of discretion—already one of the most deferential standards of review—takes on special significance when reviewing fee decisions." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000) (internal quotation marks omitted); *see also HSH Nordbank AG N.Y. Branch v. Street*, 421 F. App'x 70, 75 (2d Cir. 2011) (summary order). Under this highly deferential standard, we cannot conclude that the district court abused its discretion in requiring each party to pay the other's fees. Both parties defaulted under the contract, and even Koch acknowledged below that the two primary issues were "plainly tied" to each other. Because "the district court, which [was] intimately familiar with the nuances of the case, [was] in a far better position to make [the] decision[ ]," *Berger v. Gackenbach (In re Bolar Pharm. Co. Sec. Litig.)*, 966 F.2d 731, 732 (2d Cir. 1992) (per curiam), we defer to its determination that this award of attorneys' fees was the equitable and reasonable result under these rather unusual circumstances.

---

[2] Koch argues that we should review the district court's fee award *de novo* because the court made an error of contract interpretation. *See Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 198 (2d Cir. 2003) (holding that errors of law in the award of attorneys' fees under a contract should be reviewed *de novo*). Koch, however, did not advance any argument in the district court that the contract language should be construed to forbid the court from awarding attorneys' fees and costs to Kolmar. Instead, Koch simply contended that Kolmar did not incur any reasonable fees and that any award of fees to Kolmar would be unreasonable. Koch has therefore forfeited its argument based on an interpretation of the relevant contract language, *see Amalgamated Clothing*, 54 F.3d at 72-73, and we consider only whether the district court abused its discretion. We offer no opinion on whether Koch's proposed interpretation of the contract is, in fact, correct.

We have considered the parties' remaining arguments that are properly before us and find them to be without merit.  For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK