■ MARK HERSH, Derivatively on Behalf of Nominal Defendant BRA MANAGEMENT LLC, Respondent, v BETTY WEG et al., Appellants, et al., Defendant. MARK HERSH, Derivatively on Behalf of Nominal Defendant BRA MANAGEMENT LLC, Respondent, v BETTY WEG et al., Appellants. [963 NYS2d 206]—

Orders, Supreme Court, New York County (Jeffrey K. Oing, J.), entered December 14, 2011 and June 4, 2012, which denied defendants' motion for summary judgment dismissing the complaint and defendants and nominal defendant's motion for the release of funds held by the court, respectively, unanimously reversed, on the law, with costs, and the motions granted. The Clerk is directed to enter judgment dismissing the complaint.

In opposition to defendants' prima facie showing of their ownership of the property that provided the disputed rental income, plaintiff failed to raise an inference that either he or nominal defendant BRA Management LLC, the leasing agent for the property, has a legal interest in the property or the income. Plaintiff contends that there was an agreement between defendant S&G Hotel Corp., the legal owner of the property, and BRA, the entity on behalf of which plaintiff has commenced this derivative action. However, it is undisputed that no written agreement existed, and any oral agreement that BRA would serve as leasing agent for the property is unenforceable under the statute of frauds (General Obligations Law § 5-701 [a] [10]). Contrary to plaintiff's contention, the distribution of the property's rental income to BRA, which distributed the income to its members, was not so "unequivocally referable" to the terms of the alleged unwritten agreement as to remove that agreement from the operation of the statute of frauds under the doctrine of part performance (see Korff v Pica Graphics, 121 AD2d 511, 512 [2d Dept 1986] [internal quotation marks omitted], citing Anostario v Vicinanzo, 59 NY2d 662, 664 [1983]). Given that the record establishes that BRA has no legal entitlement to the funds at issue, all of the claims that the complaint asserts on its behalf fail as a matter of law. In view of the foregoing, we need not determine whether plaintiff has sufficiently alleged facts that would excuse pre-suit demand upon the other members of BRA. Concur—Mazzarelli, J.P., Friedman, Manzanet-Daniels, Román and Clark, JJ.