In an action, inter alia, for a judgment declaring that the plaintiff and the defendant each own an undivided one-half interest in a certain condominium unit as tenants-in-common and to permanently enjoin the defendant from taking any action to remove or evict the plaintiff from the condominium unit, the plaintiff appeals from an order of the Supreme Court, Kings County (Bunyan, J), dated September 5, 2012, which denied his motion to preliminarily enjoin the defendant from taking any action to evict or remove him from the condominium unit.
Ordered that the order is affirmed, with costs.
The plaintiff and the defendant were involved in a personal relationship for approximately 10 years. They eventually moved into a condominium unit located in Brooklyn, the ownership of which is the subject of this dispute. According to the defendant, she was the sole purchaser of the condominium. However, according to the plaintiff, he and the defendant orally agreed to purchase the condominium as tenants-in-common, with each owning an undivided one-half interest therein. When the parties ended the relationship, the defendant moved out of the condominium unit, and the plaintiff continued to live there.
The defendant served a 30-day notice of termination upon the plaintiff, alleging that he had no ownership interest in the condominium unit, but was merely her tenant at the condominium unit. In response, the plaintiff commenced this action, inter alia, for a judgment declaring that he and the defendant each owned an undivided one-half interest in the condominium unit as tenants-in-common. The plaintiff also asserted causes of action sounding in breach of contract, breach of the implied covenant of good faith and fair dealing, specific performance, unjust enrichment, constructive trust, partition, and promissory estoppel.
*677 The plaintiff moved to preliminarily enjoin the defendant from evicting or removing him from the condominium unit. The Supreme Court denied the plaintiffs motion for a preliminary injunction. The plaintiff appeals.
To establish the right to a preliminary injunction, the plaintiff must prove by clear and convincing evidence (1) the likelihood of ultimate success on the merits, (2) irreparable injury absent the grant of the injunction, and (3) a balance of the equities in the plaintiffs favor (see CPLR 6301; Ginsburg v Ock-A-Bock Community Assn., Inc., 34 AD3d 637, 637 [2006]; Koursiaris v Astoria N. Dev., 143 AD2d 639, 641 [1988]). Here, the plaintiff failed to meet his burden.
It is undisputed that no written contract conveying a one-half interest in the condominium unit to the plaintiff exists, and that the purchase agreement with the condominium complex owner, the deed, and the mortgage are all in the defendant’s name alone. The plaintiff relies solely on an alleged oral agreement between himself and the defendant that they would purchase the condominium unit as tenants-in-common and each own an undivided one-half interest therein.
The statute of frauds prohibits the conveyance of real property without a written contract (see General Obligations Law § 5-703 [1]). While the statute of frauds empowers courts of equity to compel specific performance of agreements in cases of part performance (see General Obligations Law § 5-703 [4]), the claimed partial performance “must be unequivocally referable to the agreement” (Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group, 93 NY2d 229, 235 [1999]). Unequivocally referable conduct is conduct that is “inconsistent with any other explanation” (Richardson & Lucas, Inc. v New York Athletic Club of City of N.Y., 304 AD2d 462, 463 [2003]; see Barretti v Detore, 95 AD3d 803, 806 [2012]; 745 Nostrand Retail Ltd. v 745 Jeffco Corp., 50 AD3d 768, 769 [2008]).
As evidence of his partial performance, the plaintiff relied on a payment he made in the amount of $29,800 that was used for the closing costs and adjustments, his improvements to the condominium unit, his payment of common charges, and his monthly payments to the defendant, all of which allegedly totaled $150,000. However, these payments did not constitute partial performance of the alleged oral agreement because they are not “unequivocally referable” to the alleged agreement (Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group, 93 NY2d at 235; see Barretti v Detore, 95 AD3d at 806). Accordingly, the plaintiff failed to demonstrate that he is likely to succeed on his cause of action for a judgment declaring *678 that he is the owner of an undivided one-half interest in the condominium unit. He also failed to demonstrate that he is likely to succeed on his causes of action alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and for specific performance because those causes of action require the existence of a valid contract (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153 [2002]; JP Morgan Chase v J.H. Elec, of N.Y., Inc., 69 AD3d 802, 803 [2010]; Petrelli Assoc. v Germano, 268 AD2d 513, 513 [2000]).
The plaintiff similarly failed to demonstrate that he is likely to succeed on his cause of action for partition or on his cause of action for a permanent injunction since he failed to show that he has an ownership interest in the condominium unit (see generally Oliva v Oliva, 136 AD2d 611, 612-613 [1988]). Furthermore, he failed to establish a likelihood of success on the merits with respect to the causes of action alleging promissory estoppel and for a constructive trust (see generally Agress v Clarkstown Cent. School Dist, 69 AD3d 769, 771 [2010]).
However, in light of, inter alia, the defendant’s affidavit, in which she acknowledged that the plaintiff had withdrawn $29,800 from his bank account that was “used for payment of the closing costs and adjustments,” the plaintiff demonstrated a likelihood of success on the merits with respect to his cause of action for unjust enrichment (see generally Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr., 59 AD3d 473, 481 [2009]). The plaintiff nevertheless failed to demonstrate that he would suffer irreparable injury in the absence of a preliminary injunction since money damages would be sufficient to compensate him with respect to this cause of action (see generally Etzion v Etzion, 62 AD3d 646, 655 [2009]).
Accordingly, the Supreme Court properly denied the plaintiffs motion to preliminarily enjoin the defendant from taking any action to evict or remove him from the condominium unit. Dillon, J.E, Sgroi, Cohen and Miller, JJ., concur.