Roman Catholic Church of the Epiphany v City of New York (2020 NY Slip Op 02818)





Roman Catholic Church of the Epiphany v City of New York


2020 NY Slip Op 02818


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2019-10714
 (Index No. 510235/18)

[*1]Roman Catholic Church of the Epiphany, etc., appellant,
v
City of New York, respondent.


Cullen and Dykman, LLP, New York, NY (Richard A. Coppola of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Devin Slack and Jeremy W. Shweder of counsel), for respondent.



DECISION & ORDER
In an action for a judgment declaring that the parties have entered into a 99-year, rent-free lease and for related injunctive relief and specific performance, the plaintiff appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated August 21, 2019. The order granted that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff is the former owner of certain land designated as Block 2146, former Lot 11 in Brooklyn (hereinafter Lot 11), which is adjacent to the plaintiff's rectory building. Lot 11 and several other nearby lots were acquired by the defendant through a condemnation proceeding in September 1984 and turned into a park. It is undisputed that after the defendant acquired Lot 11, the plaintiff continued to use a portion of the lot (hereinafter the disputed parcel) as a parking area as well as for access to, and egress from, its rectory building.
In 2017, the defendant asked the plaintiff to vacate the disputed parcel and, on December 11, 2017, the plaintiff indicated, inter alia, that it would vacate the disputed parcel by January 31, 2018. After the plaintiff failed to vacate the disputed parcel by the agreed deadline, the defendant, on May 4, 2018, issued the plaintiff a 10-day notice to quit the disputed parcel. The plaintiff thereafter commenced this action seeking a judgment declaring that the parties had entered into a 99-year, rent-free lease with respect to the disputed parcel, as well as related injunctive relief against the defendant and specific performance of the lease.
In response to a motion by the plaintiff for a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY 630), the defendant cross-moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint. Insofar as relevant to this appeal, the Supreme Court, after permitting the parties to engage in pre-answer discovery and to submit surreply papers, granted the branch of the cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint. The plaintiff appeals.
Where, as here, the court considers evidentiary material in the context of a motion to dismiss pursuant to CPLR 3211(a)(7), the relevant criterion is whether the plaintiff has a cause of action, not whether it has stated one, and "unless it has been shown that a material fact as claimed [*2]by the [plaintiff] to be one is not a fact at all and unless it can be said to that no significant dispute exists regarding it, . . . dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d 268, 275).
The statute of frauds prohibits, inter alia, the lease of real property for a period of more than one year without a written contract (see General Obligations Law § 5-703[2]). While the statute of frauds permits courts of equity to compel specific performance of an otherwise prohibited agreement in cases of part performance (see General Obligations Law § 5-703[4]), the claimed partial performance must be "unequivocally referable" to the alleged agreement (Anostario v Vicinanzo, 59 NY2d 662, 664 [internal quotation marks omitted]; see 745 Nostrand Retail Ltd. v 745 Jeffco Corp., 50 AD3d 768, 769). It is insufficient that the alleged agreement gives significance to a party's actions. The relevant inquiry is whether the actions alone would be "unintelligible or at least extraordinary, explainable only with reference to the oral agreement" (Anostario v Vicinanzo, 59 NY2d at 664 [internal quotation marks omitted]).
Here, the plaintiff's causes of actions are barred by the statute of frauds, as there was no written contract between the parties establishing the existence of a 99-year, rent-free lease for the disputed parcel (see General Obligations Law § 5-703[2]). Moreover, contrary to the plaintiff's contention, there is no evidence in the record of conduct by the plaintiff which is "unequivocally referable" to a purported 99-year, rent-free lease and inconsistent with any other explanation (see 745 Nostrand Retail Ltd. v 745 Jeffco Corp., 50 AD3d at 769).
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
DILLON, J.P., CHAMBERS, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court