S&G Golden Estates, LLC v New York Golf Enters., Inc. (2023 NY Slip Op 02548)

S&G Golden Estates, LLC v New York Golf Enters., Inc.

2023 NY Slip Op 02548

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2020-06262
 (Index No. 33765/16)

[*1]S & G Golden Estates, LLC, et al., respondents,
v
New York Golf Enterprises, Inc., etc., appellant.

Arnold S. Kronick, White Plains, NY, for appellant.
Savad Churgin, LLP, Nanuet, NY (Joseph A. Churgin and Susan Cooper of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals from a judgment of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated August 10, 2020. The judgment, upon a second amended decision of the same court dated August 10, 2020, made after a nonjury trial, is in favor of the plaintiffs and against the defendant directing specific performance of the contract.
ORDERED that the judgment is reversed, on the facts, with costs, and the complaint is dismissed.
By written contract dated December 10, 2008, the plaintiff Alan Gestetner agreed to purchase and the defendant agreed to sell 9.29 acres of property located in New Hempstead for the purchase price of $3,460,000. At the time the contract was entered into, the 9.29 acres were part of an undivided tax lot totaling approximately 160 acres on which the defendant operated a golf course. The contract called for the payment of $250,000 upon signing and an additional down payment of $750,000 due upon subdivision approval. It is undisputed that Gestetner did not tender payment of either the initial $250,000 down payment or the additional $750,000 down payment. It is also undisputed that on December 15, 2008, and again on December 19, 2008, nonparty Cheon Cho, who executed the contract as the president of the defendant, accepted two payments from Gestetner, each in the amount of $25,000.
The plaintiffs commenced this action, inter alia, for specific performance of the contract, alleging in the complaint, among other things, that "no downpayment was made at the time of signing, because the parties orally agreed that [the defendant] would accept periodic payments of $25,000 towards the initial downpayment amount until subdivision approval of the approximately nine-acre parcel, at which time any unpaid portion of the $250,000 downpayment would be paid, along with the $750,000 additional downpayment due upon subdivision approval." In its answer, the defendant asserted, inter alia, the affirmative defense of the statute of frauds. Following a nonjury trial, the Supreme Court determined that the plaintiffs were entitled to specific performance of the contract and entered a judgment in favor of the plaintiffs directing specific performance of the contract. The defendant appeals.
"In reviewing a determination made after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into consideration that in a close case the trial court had the advantage of seeing and hearing the witnesses" (Toobian v Golzad, 193 AD3d 784, 785 [internal quotation marks omitted]; see Brisk v Bloch, 165 AD3d 745, 747; Stojowski v D'Sa, 28 AD3d 645, 645).
"The statute of frauds prohibits the conveyance of real property without a written contract" (Toobian v Golzad, 193 AD3d at 786 [internal quotation marks omitted]; see General Obligations Law § 5-703[3]; Gendler v Guendler, 174 AD3d 507, 509; see also Gold Coast Homes at Evert St., Inc. v Cannuscio, 62 AD3d 748, 749). While the statute of frauds empowers courts of equity to compel specific performance of agreements in cases of part performance (see General Obligations Law § 5-703[4]), "the claimed partial performance must be unequivocally referable to the agreement" (Gendler v Guendler, 174 AD3d at 509 [internal quotation marks omitted]; see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group, 93 NY2d 229, 235; 3 Warren's Weed New York Real Property [2022] § 32.11). Unequivocally referable conduct is conduct that is "inconsistent with any other explanation" (Kurlandski v Kim, 111 AD3d 676, 677 [internal quotation marks omitted]). It is insufficient "that the oral agreement gives significance to plaintiff's actions" (Anostario v Vicinanzo, 59 NY2d 662, 664). "Rather, the actions alone must be 'unintelligible or at least extraordinary,' explainable only with reference to the oral agreement" (id. at 664, quoting Burns v McCormick, 233 NY 230, 232). "Significantly, the doctrine of part performance is based on principles of equity, in particular, recognition of the fact that the purpose of the Statute of Frauds is to prevent frauds, not to enable a party to perpetrate a fraud by using the statute as a sword rather than a shield" (Toobian v Golzad, 193 AD3d at 787 [internal quotation marks omitted]).
Here, the plaintiffs failed to show partial performance of the alleged oral modification to the contract so as to excuse the absence of a writing under the statute of frauds. Contrary to the plaintiffs' contention, the defendant's conduct in proceeding with the application for subdivision approval did not constitute part performance since "the defendant's conduct was consistent with the written terms of the contract and was not unequivocally referable to the modification the plaintiff seeks to impose" (Bowery Boy Realty, Inc. v H.S.N. Realty Corp., 55 AD3d 766, 768). Similarly, Cho's acceptance of the two checks totaling $50,000 was not unintelligible or extraordinary without reference to the alleged oral modification (see Gendler v Guendler, 174 AD3d at 509; Kurlandski v Kim, 111 AD3d at 676; Gower v Gower, 240 AD2d 632, 632). Moreover, the plaintiffs failed to demonstrate a financial ability to complete the transaction (see Armonk Snack Mart, Inc. v Robert Porpora Realty Corp., 138 AD3d 1045; Concordant Assoc. v Slutsky, 104 AD2d 920).
In light of our determination, we need not reach the defendant's remaining contentions.
CONNOLLY, J.P., WOOTEN, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court