Dimas Tower, Inc. v North Shore Towers Apts. Inc.
2026 NY Slip Op 02822
May 6, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Dimas Tower, Inc., etc., respondent,
v
North Shore Towers Apartments Incorporated, et al., appellants, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 6, 2026
2022-08725, (Index No. 726030/21)
Francesca E. Connolly, J.P.
Valerie Brathwaite Nelson
Barry E. Warhit
Lourdes M. Ventura, JJ.

Hankin & Mazel, PLLC, Great Neck, NY (Mark L. Hankin of counsel), for appellants.
Creedon & Gill, P.C., Northport, NY (Peter J. Creedon of counsel), for respondent.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants North Shore Towers Apartments Incorporated and Edward Phelan appeal from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered October 3, 2022. The order, insofar as appealed from, denied those branches of those defendants' cross-motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging breach of contract, unjust enrichment, promissory estoppel, and fraud, and for specific performance insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the cross-motion of the defendants North Shore Towers Apartments Incorporated and Edward Phelan which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging unjust enrichment, promissory estoppel, and fraud, and for specific performance, and so much of the cause of action alleging breach of contract as was predicated on an alleged oral agreement insofar as asserted against them, and substituting therefor provisions granting those branches of the cross-motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants North Shore Towers Apartments Incorporated and Edward Phelan.
In November 2021, the plaintiff commenced this action against, among others, the defendant North Shore Towers Apartments Incorporated (hereinafter North Shore) and Edward Phelan (hereinafter together the defendants) to recover damages, inter alia, for breach of contract, unjust enrichment, promissory estoppel, and fraud, and for specific performance. In February 2015, the plaintiff had entered into a 15-year lease agreement (hereinafter the lease agreement) with North Shore pursuant to which North Shore granted the plaintiff the right to occupy and operate a restaurant and catering hall (hereinafter the leased premises) on North Shore's property. As part of the lease agreement, the plaintiff was obligated to renovate the leased premises. The plaintiff alleged that, at the time it entered into the lease agreement, North Shore orally promised the plaintiff the right to operate a separate location on North Shore's property known as the "VIP Room" when that space became available (hereinafter the VIP Room oral agreement). The plaintiff further alleged that it relied on the VIP Room oral agreement in incurring certain expenditures in renovating the leased premises. In 2017, after the renovations to the leased premises were completed, the plaintiff and North Shore signed a lease agreement modification pursuant to which the plaintiff was given "the [*2]right to bid on any renewal" of the VIP Room "License" (hereinafter the VIP Room bidding agreement). In the complaint, the plaintiff alleged that the defendants breached the VIP Room oral agreement and the covenant of good faith and fair dealing implied in the VIP Room bidding agreement.
The plaintiff moved for a preliminary injunction, and the defendants cross-moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. In an order entered October 3, 2022, the Supreme Court, among other things, denied those branches of the defendants' cross-motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging breach of contract, unjust enrichment, promissory estoppel, and fraud, and for specific performance insofar as asserted against them. The defendants appeal.
"A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 715; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "To be considered documentary, evidence must be unambiguous and of undisputed authenticity, that is, it must be essentially unassailable" (Bath & Twenty, LLC v Federal Sav. Bank, 198 AD3d 855, 856; see Atlasman v Korol, 238 AD3d 826, 827). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Fontanetta v John Doe 1, 73 AD3d 78, 84-85 [internal quotation marks omitted]; see Atlasman v Korol, 238 AD3d at 827).
In considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court is required to accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88).
The Supreme Court properly denied that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a) to dismiss so much of the cause of action alleging breach of contract as was predicated on the VIP Room bidding agreement insofar as asserted against them. "Even if a party is not in breach of its express contractual obligations, it may be in breach of the implied covenant of good faith and fair dealing when it exercises a contractual right as part of a scheme to deprive the other party of the benefit of its bargain" (Ahmed Elkoulily, M.D., P.C. v New York State Catholic Healthplan, Inc., 153 AD3d 768, 770; see JLO Dev. Corp. v Amalgamated Bank, 232 AD3d 705, 706-707). Here, accepting the facts as alleged in the complaint as true, including that the defendants "steered" the operation of the VIP Room to an unqualified, low bidder, and according the plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d at 87), the complaint sufficiently stated a cause of action for breach of the VIP Room bidding agreement predicated on the implied covenant of good faith and fair dealing, and the defendants failed to utterly refute the allegations with documentary evidence (see Ahmed Elkoulily, M.D., P.C. v New York State Catholic Healthplan, Inc., 153 AD3d at 770-771; Pergament v Government Empls. Ins. Co. ["GEICO"], 225 AD3d 799, 800-801).
However, the Supreme Court should have granted that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a) to dismiss so much of the cause of action alleging breach of contract as was predicated on the VIP Room oral agreement insofar as asserted against them. A party may move to dismiss a cause of action on the ground that it "may not be maintained because of . . . statute of frauds" (id. § 3211[a][5]). The statute of frauds requires that contracts which create an interest in real property for a term of more than one year must be "in writing, subscribed by the person creating [the interest]" (General Obligations Law § 5-703[1]). The lease agreement and the VIP Room bidding agreement between the plaintiff and the defendants contain no provision awarding the plaintiff a leasehold interest in the VIP Room. "An agreement which violates the statute of frauds may nonetheless be enforceable where there has been part performance unequivocally referable to the contract by the party seeking to enforce the agreement" (Matter of Zelouf, 183 AD3d 900, 902 [internal quotation marks omitted]; see S & G Golden Estates, [*3]LLC v New York Gold Enters., Inc., 216 AD3d 831, 832). "Unequivocally referable conduct is conduct that is inconsistent with any other explanation" (S & G Golden Estates, LLC v New York Gold Enters., Inc., 216 AD3d at 832 [internal quotation marks omitted]; see 745 Nostrand Retail Ltd. v 745 Jeffco Corp., 50 AD3d 768, 769). "It is insufficient that the oral agreement gives significance to plaintiff's actions. Rather, the actions alone must be unintelligible or at least extraordinary, explainable only with reference to the oral agreement" (Toobian v Golzad, 193 AD3d 778, 780).
Here, as evidence of its partial performance, the plaintiff relied on its renovations to the leased premises and the rent it paid pursuant to the lease agreement. Although "on a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) based on the statute of frauds, the court is required to accept the facts as alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference" (Loan Funder, LLC v Suffolk Home Rehab, LLC, 236 AD3d 1008, 1010-1011 [alteration and internal quotation marks omitted]), here, the plaintiff's conduct did not constitute partial performance of the VIP Room oral agreement. The plaintiff's incurring of expenditures in renovating the leased premises and paying rent were not "unequivocally referable" to the VIP Room oral agreement, as those actions were required under the lease agreement for the leased premises (see Kurlandski v Kim, 111 AD3d 676, 677; 745 Nostrand Retail Ltd. v 745 Jeffco Corp., 50 AD3d at 769).
Moreover, inasmuch as a cause of action for specific performance requires the existence of a valid contract (see Utica Bldrs., LLC v Collins, 176 AD3d 897, 900; Kurlandski v Kim, 111 AD3d at 678), the Supreme Court also should have granted that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a) to dismiss the cause of action for specific performance of the VIP Room oral agreement.
"The elements of a cause of action to recover for unjust enrichment are (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (GFRE, Inc. v U.S. Bank, N.A., 130 AD3d 569, 570 [internal quotation marks omitted]; Nasca v Greene, 216 AD3d 648, 650 [internal quotation marks omitted]). The theory of unjust enrichment, which lies as a quasi-contract claim, "contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties" (Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [internal quotation marks omitted]; see Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 572). Here, the Supreme Court should have granted that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging unjust enrichment insofar as asserted against them, as the expenditures that the plaintiff allegedly made in reliance on the alleged VIP Room oral agreement were required expenditures pursuant to the lease agreement and, thus, the alleged enrichment on the part of the defendants was not against equity and good conscience (see Jetro Holdings, LLC v Mastercard Intl., Inc., 166 AD3d 594, 598).
The Supreme Court also should have granted those branches of the defendants' cross-motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging promissory estoppel and fraud insofar as asserted against them as duplicative of the cause of action alleging breach of contract (see Toobian v Toobian, 209 AD3d 907, 910; Iskalo v Elec. Tower LLC v Stantec Consulting Servs., Inc., 79 AD3d 1605, 1608).
The parties' remaining contentions either are not properly before this Court, are without merit, or need not be considered in light of our determination.
CONNOLLY, J.P., BRATHWAITE NELSON, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court